Sanforb, J.
The plaintiff, then an attorney and counsellor at law, being one of the instigators arid promoters of á riot, encouraged the defendant to take part in it, by urging him on, and by promising to defend him. The defendant was prosecuted for that riot, and the plaintiff, being employed by him as his counsel, made the promised defense, and, for his expenses and professional services in the making of that defense, he seeks to recover in this suit. No principle of law or justice warrants such recovery. '
It is true, as the plaintiff contends, that the plaintiff’s promise to defend could not have been enforced1 by suit. The'considation for it was illegal, and “ ex turpi causa non oritur actio.” But, having been performed, the law will not aid him to recover compensation for it. In such a case the law leaves the parties where it finds them. ...
*276 Had the entire transaction been a legal one, it would be unjust to compel the defendant to pay this demand. He paid the stipulated compensation for this defense before it was made, and no matter whether that compensation was adequate or inadequate, beneficial to the plaintiff or otherwise, he ought not to be required to pay it again.
But there are vital principles of public policy which [ *338 ] forbid *the court to lend its aid for the enforcement of a claim like this. The object of all law is to repress vice, preserve the peace, and promote the general welfare of the state and of society, and no individual has any right to its assistance in enforcing a demand origináting in a violation on his part of its principles or enactments.”
It is indeed found by the auditor, that the defendant employed the plaintiff as his counsel to defend him, (whether before or after the riot, does not appear,) but it is not found that, upon such employment or retainer, the defendant undertook to make the plaintiff any compensation, other than the riotous services which had been already rendered at the plaintiff’s instigation. We can not presume that the employment was any other than that originally provided for, or the defense made by the plaintiff, any other than that which he had promised. The fair import of the whole finding is, that to induce the defendant to engage in the riot, the plaintiff promised to defend him against the expected prosecutions, and that, when the prosecutions came, the defendant requested the plaintiff to perform his promise, and he did so. The plaintiff can not now repudiate his promise and compel the defendant to make him further compensation. It would be a reproach to the law, if its courts could be made the instrument of enforcing a claim like this.
It is claimed that the plaintiff is not seeking to enforce an illegal contract, because the auditor finds that “ the plaintiff was employed by the defendant as his counsel,” &c. But he is seeking to enforce a contract which originated in his own illegal instigation to the commission of a crime, without which instigation that crime might not have been committed, and so no occasion for the plaintiff’s services have arisen.
The contract on which the recovery is claimed was incurably vitiated in its origin by the plaintiff’s illegal conduct in relation to it, and the groundlessness of the plaintiff’s claim is equalled only by his effrontery in bringing it to the notice of
[ *339 ] *the court. . The judgment of the superior court must be reversed.
In this opinion the other judges concurred.
Judgment reversed.