Rogers v. Blythe.

failed to append the proper oath to his return. *Moore v. Turner*, 43 Ark., 243.

The failure to give the notice required by section 52 of the act of 1887, does not affect the jurisdiction of the board of equalization. Pulaski County Equalization Cases, 49 Ark., 518; *Howard v. State*, 47 Ib., 431.

Reverse the decree and dismiss the bill.

## ROGERS V. BLYTHE.

1. PROMISSORY NOTE: *Made to procure dismissal of criminal prosecution.*
   A promissory note made to procure the dismissal of a criminal prosecution, although given for the amount of a debt due to the payee, is contrary to public policy and void.

2. SAME: *Same: Evidence.*
   W. was agent for an insurance company and having failed to pay over money collected as premiums, J., who was his surety on a bond to the company, caused him to be arrested for embezzling the company's funds. It was then agreed between W. and R., the company's manager, that the criminal charge against W. should be dismissed on his giving a note with acceptable sureties for the sum which he admitted to be due to the company. R. informed one of the sureties of this agreement—one of the others was informed of it by W., and all of them subsequently signed the note sued on with the understanding that W. would not be further prosecuted. After the note was given the prosecution was dismissed on the order of J., or that of the acting prosecuting attorney—the latter having previously promised that he would consent to its dismissal if the debt was secured. In an action against the sureties, the principal not being sued, *held:* That the evidence was sufficient to sustain the finding of the court that the note was given to procure the dismissal of a pending criminal prosecution.

APPEAL from *Sebastian* Circuit Court, Fort Smith District.

J. L. HENDRICKS, Sp. Judge.

This action was brought by Rogers for the use of the Ger-

man Insurance Company, against Blythe, Cravens and Falconer, to recover a balance due on a promissory note, executed to him by the defendants, as sureties of Jerry Wolf, for the sum of $186.99. It was begun in a justice's court from which it was taken by appeal to the circuit court, where it was tried by the court sitting as a jury, and without formal pleadings. On the trial, the plaintiff introduced the note. The testimony on behalf of defendants was in substance as follows:

James A. Yantis testified that while he was acting as prosecuting attorney for the Fort Smith District, Dr. Johnson visited him and stated that defendant, Wolf, (who it seems was an agent of the insurance company,) had collected for said company premiums amounting to about $300, which he had failed to pay over, and that he (Johnson) desired to be released from Wolf's bond as a surety thereon, or to cause Wolf to be punished for converting the company's funds. The witness advised a prosecution for embezzling the company's funds, and Johnson made an affidavit charging Wolf with that offence. Under a warrant issued by a justice of the peace, Wolf was arrested and the company was notified of the proceedings against him. About the same time information was received that Rogers, the company's manager, would go to Fort Smith, to settle the matter, which was "passed over" for his arrival. In company with Johnson and by himself, Rogers called on the witness several times, and stated that he desired the company to get its money without injury to Johnson on his bond, and by giving Wolf an opportunity to earn the amount he had failed to pay over. Wolf claimed a number of credits on his accounts and it was finally agreed that he owed the company one hundred and eighty and odd dollars. Rogers told the witness that Wolf had

Rogers v. Blythe.

offered to make a good note for this balance, with probably Cravens and Tabor as sureties, and witness informed him that such a note would be good. Rogers then asked what would be done about the prosecution, if the matter was settled in that way, saying he did not desire to prosecute Wolf —that all he desired was his money. Witness replied that it was a matter of indifference to him and he was willing to have the prosecution dismissed. The witness in this connection testified that the prosecution was begun to protect Johnson and that he doubted whether it could be sustained, because there was a dispute between Wolf and the company as to the amount due to the latter. He advised Rogers and Johnson to get the note executed as the best thing they could do, and it was agreed that if Wolf made the note the prosecution should be dismissed. The witness was afterwards informed that the note had been given, and the prosecution was ordered to be dismissed. The witness also stated that it was conceded that Wolf owed the sum for which the note was given. The justice of the peace who issued the warrant testified that the charge was dismissed by the order of Yantis or Johnson, and that he made no entry of the proceeding in his docket.

Defendant Cravens testified that Rogers told him that if the money due the company was paid or secured, Wolf would not be prosecuted further. He also stated that when the note was executed, he had no thought that it was given for compounding a felony.

Defendant Blythe testified that Wolf, while in custody, called at his office and told him that the agent of the company had agreed to suspend the prosecution if he could give a satisfactory note, and that he (Blythe) stated to Wolf that he would sign the note if that would save him from going to

jail.   Blythe also testified that he and the other sureties on the note, all signed it with the understanding that Wolf would not be prosecuted further, but that he had not himself had any conversation with Rogers up to the time he signed the note.

On this evidence the court found that the note was given to procure the dismissal of a criminal prosecution, pending against the defendant Wolf, and gave judgment for the defendants.   The plaintiff appealed.

*Caruth & Erb*, for appellant.

The evidence not sufficient to sustain the judgment.   The note was not given for the compounding of a felony, but the consideration was the amount justly due to the insurance company by Wolf.   52 Ill., 313; 20 Am. Rep., 288.

*E. E. Bryant*, for appellee.

A note given to procure the dismissal of a criminal prosecution is void.   Sec. 1715 Mansf. Dig.; Dan. Neg. Inst., vol. 1, p. 169; 22 Am. Rep., 121, and notes; 1 Hale P. C., 619; even though it be given also for a *bona fide* debt. 1 Dan. Neg. Inst., 168, 169; 1 Chitty's Crim. Law, 4; 1 Smith's Led. Cas., 153, 165, and note; 2 Kent's Com., 366; *Collins v. Blanton*, 2 Wils., 347—leading Eng. case; *Williams v. Bailey*, L. R., I. H. L., 200; *Fivas v. Nicholls*, 2 C. B., 501; *Wallace v. Hardacre*, 1 Camp., 45.   Numerous other English cases are cited in the authorities, *supra*.

The following Arkansas cases might be looked at: *Tatum v. Kelly*, 25 Ark., 201; S. C., 94 Am. Dec., 717; *Lindsay v. Rottaken*, 32 Ark., 619; 25 Ark., 349; 25 Ark., 350; 27 Ark., 379.

*Bibb v. Hitchcock* was a "reconstruction" decision, to protect a federal office-holder who was responsible to the

government for the embezzled funds. *Ford v. Cratty* was decided on the proviso in the Illinois statute allowing a party to obtain compensation for any loss.

*Reed v. McKee*, 42 Iowa, 689; S. C., 20 Am. Rep., 631; *Sumner v. Sumners*, 54 Mo., 340; *Brick Co. v. Cook*, 44 Mo., 29; *Porter v. Havens*, 37 Barb., 343, and cases cited; *Bank v. Matthewson*, 5 Hill, 249; *Brown v. Padgett*, 36 Ga., 609; *Chandler v. Johnson*, 39 Ga., 85; *Godwin v. Crowell*, 56 Ga., 566; *McMahon v. Smith*, 47 Conn., 221; *Shaw v. Reid*, 30 Me., 105; *Kimbough v. Lane*, 11 Bush, 559; S. C., 15 Am. Law Reg., 389; *Gardner v. Maxey*, 9 B. Mon., 90; *Swan v. Chandler*, 8 B. Mon., 97; *Plumber v. Smith*, 5 N. H., 533; S. C., 22 Am. Dec., 478; *Clark v. Richter*, 14 N. H., 44; *Coburn v. Odell*, 30 N. H., 540, 553; *Shaw v. Spooner*, 9 N. H., 197; S. C., 32 Am. Dec., 348, and cases cited in text and note; *Buck v. Nat. Bank*, 27 Mich., 292, and cases cited; *Snyder v. Willey*, 33 Mich., 495, and cases cited; *Woodruff v. Hinman*, 11 Vt., 592; S. C., 34 Am. Dec., 712, and cases cited; *Hinesburg v. Sumner*, 9 Vt., 23; S. C., 31 Am. Dec., 599, and note; *Lindsay v. Smith*, 78 N. C., 328; S. C., 24 Am. Rep., 463; *King v. Winant*, 71 N. C., 469; 73 N. C., 563; *Partridge v. Hood*, 120 Mass., 403, and cases cited; *Commonwealth v. Pease*, 16 Mass., 91; *Racquet v. Roll*, 7 Ohio, 77; *Pierce v. Wilson*, 111 Penn. St., 14; S. C., Am. Rep., 243.

The argument of appellant's counsel that there was no evidence to show that Wolf was guilty of a crime is an avoidance of the reason of the rule. 1 Dan. Neg. Inst., 168, says: "It is not necessary to stamp the transaction with illegality that a felony should have been committed. It is sufficient if it be charged, for the investigation of the charge

is the policy of law which is sought to be protected.'' Such is the doctrine of all the·cases. *Chandler v. Johnson*, 39 Ga., 85; *Bank v. Matthewson*, 5 Hill, 249; *Bigelow v. Woodward*, 15 Gray, 560; *Fivas v. Nicholls*, 2 C. B., 501, and the majority of the cases cited, *supra*.

The argument that the plaintiff did not institute the proceedings but merely wanted its money is fallacious. Whether it began the proceedings or not it was directly connected as a party with the agreement by which they were discontinued.

PER CURIAM.

The court below found that the note in controversy was given to procure the dismissal of a pending prosecution. The evidence sustained the finding.

Affirmed.

---

## DESHA COUNTY V. JONES.

1. COUNTIES:　*Claims against counties: Itemizing account.*
   On a claim against a county it is error to allow charges which are not itemized and show no liability on the county. (Mansf. Dig., sec. 1413.)

2. SAME:　*Same:*
   Where an officer's account for fees, presented for allowance against the county is itemized obscurely in an abbreviated form, so that it is not sufficiently intelligible to show that the services charged for were of the character for which fees are allowed by law and that the county is liable, the claim should be rejected unless the defect is supplied by evidence.

3. SAME:　*Same: Statute of limitations:*
   Where the claim of a·county clerk against the county, for expenses incurred in his office in 1881, 1882 and 1883, was not presented to the county court for allowance until July 1887, it was barred by the statute of limitations.

APPEAL from *Desha* Circuit Court.