CHARLES SWANSON *v.* GUS GRIFFIN.

1. CONTRACT. *Consideration. Past illicit intercourse. Compromise.*
   In an action upon a note given to prevent legal proceedings against defendant for his admitted sexual intercourse with plaintiff's infant unmarried daughter, whereby she became pregnant (afterwards giving birth to a child), it is no defense that the motive in giving the note was to have defendant's conduct concealed from his family and church, and, the matter having become public, a failure of consideration intervened.

2. SAME. *Defense. Previous unchaste character.*
   Defendant's liability on such note is not affected by proof of the unchastity of plaintiff's daughter previous to defendant's connection with her.

3. CONSIDERATION. *Compromise of doubtful claim. Burden of proof.*
   It is sufficient consideration for a note that it was given in compromise of a doubtful claim, and in an action thereon it does not devolve on plaintiff to prove the validity of his original claim.

FROM the circuit court of Monroe county.

HON. LOCK E. HOUSTON, Judge.

This suit was begun before a justice of the peace upon the following instrument:—

"I am due Charles Swanson $500 for value received. I agree to pay the same by November 1st, 1893. I agree to pay as much as $100 per annum, payable November 1st of each year, and beginning November 1st, 1888."

February 16, 1888.                    GUS GRIFFIN.

On the trial in the circuit court on appeal it developed that this obligation was executed by Griffin to prevent a threatened proceeding by plaintiff against him for having debauched his, the plaintiff's, infant unmarried daughter, whereby she became pregnant, and, after the execution of the writing, gave birth to an illegitimate child. Griffin paid a small amount on the note, but refused to pay more, whereupon Swanson brought this suit for the balance due November 1, 1889. The opinion contains a further statement of the facts.

The 1st, 3d, and 7th instructions for defendant, which are referred to in the opinion, are as follows :—

" 1. No court of justice can, in its very nature, be made the handmaid of crime and iniquity. Courts are instituted to carry into effect the laws of the country, and cannot be made auxiliary to the violation of the law by awarding a premium to one who willingly participated in its violation."

" 3. If the jury believe from the evidence that at the time of the intercourse by the defendant with Doretha, her father, the plaintiff, was absent from home, and the mother was in charge of the family and the daughter, and the girl had been in the habit of having intercourse with men and was over nineteen years old, and the mother and the daughter consented to the intercourse, and he paid for it to both the mother and daughter, and this note was made solely for the consideration of having had such intercourse and for the purpose of concealing an offense against the law, then the note is void and the jury will find for the defendant."

" 7. Unless the jury believe from the evidence that Gus Griffin seduced the daughter, Doretha, or is beyond a doubt the father of the child, they will find for the defendant."

The verdict and judgment were in favor of defendant, and Swanson has appealed.

*Geo. C. Paine,* for appellant.

It was error to give the several instructions for the defendant because they announced what is not the law. It was error to admit testimony as to the unchastity of plaintiff's daughter. That cannot affect defendant's liability. Appellee was liable even in the light of his own testimony that the note was given for past cohabitation, and to keep the matter from his family and church. 32 Ga. 699.

He cannot be now heard to deny that he is the father of the child. The note was given in compromise of the claim. 43 Miss. 659.

The note was given after the intercourse and as a reparation for the wrong done, and is binding. Bishop on Contracts, § 510 ; 8 Ohio St. 265 ; 5 Cow. 253.

*G. J. Buchanan,* on the same side,

Filed a brief which, without citation of authorities, discussed the instructions given for defendant and argued that they were erroneous.

*Houston & Sykes,* for appellee.

The note was without any valid consideration. It is shown that it was given as "hush money" when defendant had been blackmailed. Besides, the acts of intercourse were with the consent of both the daughter and the mother, and both received pay therefor. The note was given in consideration of past illicit intercourse and is void. It was proper to prove the previous unchaste character of the daughter. In cases of bastardy, it is proper to investigate the character of the woman. 37 Miss. 58.

In this case the father is seeking to use for his own ends a daughter proven to have been guilty before defendant ever knew her, and by the judgment the attempt at black-mailing has been thwarted.

COOPER, J., delivered the opinion of the court.

The verdict and judgment in this cause should have been for the plaintiff.

The court erroneously instructed the jury for the defendant, but even under the instructions as given, and accepting as true the defendant's own testimony, the jury should have returned a verdict against him for the amount demanded in the suit.

There is no controversy about the material facts, which are that the defendant had sexual intercourse with the infant unmarried daughter of the plaintiff, and that she became pregnant and gave birth to an illegitimate child; that the plaintiff threatened legal proceedings against defendant, and that he executed his written agreement for the payment of five hundred dollars in satisfaction of the plaintiff's demand. The defendant explains as his motive in executing the writing that he desired the knowledge of his conduct to be concealed from his family and church, and, since the facts have become known, he considers that a failure of considera-

68 MISS.—21

tion has intervened and he should be absolved from the payment of the sum agreed on. This is the whole defense, and it is entirely insufficient.

The court should have rejected the instructions asked by the defendant and should have sustained the plaintiff's motion for a new trial. The first instruction given for the defendant is correct as an abstract proposition, but was wholly inapplicable to any phase of the case being tried and could only serve to confuse the jury. The second and fifth instructions erroneously told the jury that the defendant was not liable on his promise to the father, if another person had before the defendant's debauchment of the infant daughter, had intercourse with her. The third instruction finds no support in the facts, even accepting the defendant's statement of them. The sixth instruction imputes to the plaintiff the defendant's purpose in giving the promise to pay, and permitted the jury, against the proved · facts, to infer that past cohabitation was the consideration of the promise, instead of the legal liability of the defendant to respond to the plaintiff for the consequences of such past cohabitation, the pregnancy of the daughter. The seventh instruction is opposed to the well-settled rule that the compromise of a doubtful claim is a sufficient consideration for a promise to pay money, and devolved on the plaintiff the burden of proving *beyond* doubt the validity of the original claim. The uniform current of authority is to the contrary. 3 Am. & Eng. Ency. of Law, 837, note 1; *Gunning* v. *Royal,* 59 Miss. 45.

*The judgment is reversed.*