CASE *v.* SMITH.

1. SEDUCTION — ACTION FOR DAMAGES — PROMISSORY NOTE — CONSIDERATION.

> An affianced husband has no right of action for the seduction or the alienation of the affections of his betrothed, and, therefore, a promissory note given to him because of such misconduct is void for want of consideration.

2. PROMISSORY NOTE — CONSIDERATION — PUBLIC POLICY.

> A note the consideration for which consists in part of an agreement to conceal from the public and from the maker's wife the fact that he has been guilty of adultery is void as against public policy.

Error to Genesee; Moore, J., presiding. Submitted November 22, 1895. Decided December 17, 1895.

*Assumpsit* by Edgar D. Case against Eli T. Smith upon a promissory note. From a judgment for defendant on demurrer, plaintiff brings error. Affirmed.

*Tinker & Frackelton,* for appellant.

*Ed. S. Lee (Durand & Carton,* of counsel), for appellee.

McGRATH, C. J. Suit is brought upon a non-negotiable promissory note, which omitted the " for value received " clause. Plaintiff declared on the common counts, and in four special counts sets up—

1. That plaintiff had been for some time engaged to be married to a widow named D.; that November 10, 1892, he visited D., and found defendant concealed in the house; that defendant was at the house for the purpose of having carnal intercourse with said D., and in consequence plaintiff suffered great mental and physical anguish.

2. That prior to that time defendant had betrayed, seduced, and debauched said D., with full knowledge that she was the betrothed wife of plaintiff, to plaintiff's damage.

3. That defendant had also endeavored to alienate the affections of said D. from plaintiff.

4. That, after the discovery of defendant's intimacy with said D., defendant came to plaintiff, and requested plaintiff to keep the matter quiet, and agreed that if plaintiff would continue to keep company with said D., and would refrain from telling the people of that locality of the intimacy existing or that had existed between defendant and said D., viz., the seduction, debauching, and sexual intercourse aforesaid, defendant would recompense him well for the same; that, in consideration of plaintiff's agreeing so to do, defendant executed and delivered to plaintiff the note in question; that plaintiff did as he agreed, and publicly kept company with said D., and did refrain from informing the public of the intimacy that had existed between defendant and said D.; that said note was expressly given and accepted with the agreement that defendant was to pay the same in consideration of plaintiff's keeping company with said D., and refraining from exposing to said defendant's wife the criminal proceedings and actions aforesaid; that plaintiff has performed the agreement on his part, but defendant has failed so to do.

A bill of particulars was demanded under the common counts, and furnished, which contained the following items:

"For damages in alienating the affections of Mary B. Davison from plaintiff, $5,000.

"For damages in seducing, debauching, and having carnal intercourse with Mary B. Davison, the betrothed wife of plaintiff, $5,000.

" For failure of defendant to keep his agreement with plaintiff, and in failing to pay the note set forth in plaintiff's declaration, $5,000."

The case comes here on appeal from an order sustaining a demurrer to said declaration, and judgment accordingly.

A civil action for the alleged seduction of D. could only be brought by the woman herself, or by her father, guardian, or some relative. A betrothed person has no right of action for the seduction or the alienation of the affections of his affianced. Cooley, Torts, p. 236. In *Swanson* v. *Griffin*, 68 Miss. 319, cited by appellant, defendant had seduced plaintiff's infant unmarried daughter, and she had given birth to a child. In *Brannum* v. *O'Connor*, 77 Iowa, 632, also cited by appellant, plaintiff had married defendant's foster daughter, and afterwards learned that she was pregnant at the time of the marriage, by her foster father. Plaintiff agreed to continue to live with the woman and maintain the child. The court held that, under the Code, the pregnancy of the woman at the time of her marriage was a cause for divorce, and that plaintiff was under no obligation to live with the woman or maintain the child. In *Loomis* v. *Cline*, 4 Barb. 453, the maker of the note had assaulted plaintiff's daughter, with intent to commit a rape. The court held that, from his paternal relation alone, plaintiff had no authority to commence an action for his daughter; that he could not release or compromise such claim, and, if she had a right of action, it remained unaffected by that agreement; and that the note was without consideration; citing *Fonda* v. *Van Horne*, 15 Wend. 631; *Hunter* v. *Westbrook*, 2 Carr. & P. 578; Macph. Inf. 352 (41 Law Lib. 228). Defendant was not liable to respond in damages to plaintiff by reason of the matters set forth in the first three special counts of the declaration, or the first two items of plaintiff's bill of particulars,

and, in the absence of such liability, there was no consideration for the note.

As to the contract set up in the fourth count, plaintiff's agreement was in part to conceal from the public and from defendant's wife the fact that defendant had been guilty of a crime. It is well settled that any contract, the consideration of which is to conceal a crime or stifle a prosecution, is necessarily repugnant to public policy, and that a contract whose consideration is contrary to public policy is void. 2 Kent, Comm. 466; 2 Starkie, Ev. 49; *Roll* v. *Raguet*, 4 Ohio, 400; *Clark* v. *Ricker*, 14 N. H. 44; *Treat* v. *Jones*, 28 Conn. 334. It is equally true that if any part of an indivisible promise, or any part of an indivisible consideration for a promise, is illegal, the whole is void, and no action can be maintained thereon. *Snyder* v. *Willey*, 33 Mich. 483, and cases cited at page 495.

The judgment is affirmed.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, J., did not sit.