## McKENZIE *v.* LYNCH.

1. CONTRACTS—ILLEGALITY — HUSBAND AND WIFE — ADULTERY — COMPROMISE OF ACTION FOR CRIMINAL CONVERSATION.

   A contract effecting a compromise of a threatened action for criminal conversation, providing that the complaining husband should do no act whereby the matter should acquire any publicity whatever, is void as against public policy, and as an attempt to deprive the husband of his right to institute criminal proceedings.

2. SAME.

   While a husband or wife may settle a civil right of action for damages for alleged adultery with the other spouse, no settlement of a criminal prosecution can be effected, and an action for damages will not lie for breach of the contract so compromising the same.

Error to Shiawassee; Miner, J.   Submitted November 8, 1911.   (Docket No. 65.)   Decided December 8, 1911.

Assumpsit by George A. McKenzie against James Lynch for breach of contract.   Judgment for plaintiff.   Defendant brings error.   Reversed, and no new trial ordered.

*A. L. Chandler* and *George E. Pardee*, for appellant.

*Odell Chapman* and *S. Q. Pulver*, for appellee.

Plaintiff brought suit against the defendant for a breach of the covenant contained in the final clause of the following contract:

"Whereas, the within named James Lynch, of the city of Owosso, Michigan, claims to have a right of action for damages against the within named George A. McKenzie, of Owosso township, Shiawassee county, Michigan, for criminal conversation and alienation of affections which he alleged happened on Dec. 20th, 1909, and on divers other days and times prior to that date, commencing about Aug. 1st, 1908; and whereas, the said Jas. Lynch is about to commence an action for damages against the said George A. McKenzie in the circuit court for said county of Shiawassee.

"Therefore, in order to settle said difference, it is hereby mutually agreed that in order to avoid any litigation and any publicity and possible ignominy (hereby not admitting or denying a right of action or legal guilt or liability) the said Geo. A. McKenzie has agreed to pay to said Jas. Lynch in cash the sum of seven hundred dollars ($700.00) in settlement of said matter and to avoid any litigation, &c., as aforesaid.

"And the said Jas. Lynch hereby accepts the payment of said sum and hereby acknowledges the receipt of same, and same to be in full, complete and absolute satisfaction and discharge from any and all claims of right of action for damages against said McKenzie for said matters as aforesaid, and the said Geo. A. McKenzie is hereby released and discharged and absolved from any further claims whatever, growing out of said alleged criminal conversation and alienation of affections.

"And the said Geo. A. McKenzie hereby releases and discharges the said Jas. Lynch from any and all claims or rights whatsoever of any kind, nature and description, growing out of said trouble or any other matter and hereby receipts for and acknowledges full and complete satisfaction for any and all such claims he may now have.

"And the said Jas. Lynch hereby agrees that he will not say anything of or concerning this settlement to one Ed. McDonald, or to any other person, or do anything whereby this matter will acquire any publicity whatever.

"In witness whereof, the parties have hereunto set their hands and seals in duplicate this 24th day of December, A. D. 1909.

"G. A. McKENZIE.
"JAS. LYNCH.

"Witness:
"GEORGE E. PARDEE."

It appears that four days after executing the foregoing agreement, defendant filed a bill for divorce against his wife, in which he charged her with having committed adultery with the plaintiff on December 20, 1909, and upon divers other times, and that upon the trial of said divorce case he caused the contract to be produced, read in evidence, and offered as an exhibit. Plaintiff in his declaration avers that the sole consideration for the payment of the $700 was the agreement on the part of the defendant that he would in no manner make said agreement public; and, further, that by violation of said agreement "plaintiff has become greatly injured in his good name and reputation and feelings." Defendant filed a plea of the general issue, and gave notice that upon the trial he would show that the money was paid to settle a meritorious cause of action, and to free plaintiff from litigation; and, further, that plaintiff was in fact guilty of the offense with which defendant had charged him. Plaintiff recovered a judgment for $1,300, which defendant reviews by writ of error.

BROOKE, J. (*after stating the facts*). There can be no doubt that, under the decisions of our own State, a husband or wife, wronged as this defendant claims to have been, may settle his or her civil right of action for damages for the wrong. *Briggs* v. *Withey*, 24 Mich. 136; *Lyon* v. *Waldo*, 36 Mich. 345. But it is equally clear that such wronged husband or wife may not settle a criminal prosecution for the wrong of the guilty spouse. In *Lyon* v. *Waldo, supra*, the court, while divided as to the propriety of granting the innocent wife the relief sought, were unanimous upon the foregoing proposition. It was

there held that to affirm this power of settlement in the innocent party would lead to innumerable and enormous abuses, and would be intolerable.

Is the last clause of the contract above set forth susceptible of the construction that thereby the defendant intended to deprive himself of his right to institute criminal proceedings against the plaintiff? We think it is. Defendant there agrees to do no act, "whereby this matter will acquire any publicity whatever." It is clear that defendant thereafter could not become complaining witness, in a criminal proceeding against plaintiff, without giving publicity to the matter, thus violating his contract as to silence and concealment.

It is true that the legislature, in limiting the prosecution of the guilty spouse to a proceeding instituted upon the complaint of the wronged husband or wife, seems to have recognized the fact that the interests of society are not best subserved by indiscriminate prosecutions for this offense. And it is equally true that the innocent party will often suffer in silence, rather than endure the odium of a public prosecution with its necessary incidents of scandal and disgrace. These considerations, however, have no tendency to establish the contention that, because the innocent one may, at will, prosecute or refuse to prosecute, he or she may therefore make of that right a subject of barter and sale. Such a contract is void as against public policy, and a breach thereof affords no right of action. *Case* v. *Smith,* 107 Mich. 416 (65 N. W. 279, 31 L. R. A. 282, 61 Am. St. Rep. 341), and cases cited; *Clark* v. *Ricker,* 14 N. H. 44; *Treat* v. *Jones,* 28 Conn. 334.

The judgment is reversed, without a new trial.

Ostrander, C. J., and Steere, Moore, and Stone, JJ., concurred.