## CALLOWAY et al. v. WESTERN STATES LUMBER CO.

No. 1762.    Opinion Filed April 9, 1912.

(123 Pac. 151.)

1. **BILLS AND NOTES**—Consideration—**Legality.** A note, given in the Indian Territory, prior to statehood, to one having knowledge of the commission of a crime, for the purpose and on the understanding and agreement, express or implied, of compounding or concealing such crime, or to abstain from any prosecution therefor, is contrary to and in violation of section 1715, Mansf. Dig. Ark. (Ind. T. Ann. St. 1899, sec. 1058); and void as being against public policy.

2. **SAME**—Actions—**Pleading.** It is error to sustain a demurrer to an answer which sets up such a defense.

(Syllabus by Robertson, C.)

*Error from Haskell County Court;*
*Ulys. Pyle, Special Judge.*

Action by the Western States Lumber Company against A. B. Calloway and others. Judgment on demurrer for plaintiff, and defendants bring error. Reversed and remanded, with instructions.

*Fred H. Fannin,* for plaintiffs in error.

*Brown & Lawrence,* for defendant in error.

Opinion by ROBERTSON, C. This is an action by the Western States Lumber Company against A. B. Calloway and seven others to recover the sum of $500 and interest, alleged to be due on a note given by said defendants to plaintiff on July 13, 1907. The contract sued on, having been executed in the Indian Territory prior to statehood, must be construed under and governed by the laws of Arkansas then in force in that territory.

The defendants appeared in the court below and filed a substituted answer, which is in words and figures as follows:

"That they admit that they executed the note herein sued on, but allege the facts to be that said note was executed by them as sureties for one J. H. Ramsay; that at the time said note was executed the plaintiff in this action had the said J. H. Ramsay charged with the crime of embezzlement, said charge being lodged before the mayor of Stigler, Ind. T., and the sureties on said note being at the time residents of the Indian Territory, and said note being executed in the Indian Territory, and that said note was executed for the purpose of preventing the further prosecution of the said J. H. Ramsay; that at said time the plaintiff in this action charged the said J. H. Ramsay with the embezzlement of a large sum of money, and at the time of the execution of said note, said J. H. Ramsay was then under arrest and on bond, pending a preliminary hearing upon said charge; that for several days previous to the execution of said note the said plaintiff was actively engaged in the negotiation of a settlement with the said J. H. Ramsay, covering the alleged embezzlement, to wit, $2,000; that the sureties on said note, the defendants, being personal and special friends of the said J. H. Ramsay, and the plaintiff well knowing this fact, entered said prosecution to compel the execution of said note, and after said note was signed to enable the said J. H. Ramsay to adjust said charges; that the plaintiff well knew, after said note was executed and said settlement was had, that the said J. H. Ramsay would not be prosecuted."

The plaintiff demurred to this answer, which demurrer was by the court sustained, and defendants, refusing to plead further, were adjudged to be in default, and judgment was rendered against them for the full amount of the note, with interest and costs.

The only error assigned in the petition in error is the action of the trial court in sustaining the demurrer to defendants' answer. The authorities cited by counsel for defendant in error seem, in our opinion, to establish the rule, and correctly too, that, before such defense will be available, "there must have been an agreement or understanding to compound a felony or conceal the crime, to abstain from prosecution thereof, or to withhold evidence thereof." The answer charges that Ramsay had been

arrested for the crime of embezzlement by the Western States Lumber Company; that the cause was then pending before the mayor of the town of Stigler; that said note was executed for the purpose of preventing the further prosecution of said Ramsay; that said prosecution was entered by plaintiff to compel defendants, who were Ramsay's special friends, to execute said note, and that plaintiff knew that after said note had been executed Ramsay would not be prosecuted.

The answer is carelessly and loosely drawn, but, with all its defects, substantially charges, impliedly at least, an "agrement or understanding to abstain from prosecution," and was good as against a general demurrer.

In 9 Cyc. 465, it is said:

"An illegal agreement will not be enforced, and hence it is not a contract, according to the definition of a contract."

While on page 504 of the same volume, it is said:

"All agreements, it is said in a recent case, relating to proceedings in court, civil or criminal, which may involve anything inconsistent with the impartial course of justice, are void, although not open to the charge of actual corruption, and regardless of the good faith of the parties, or of the fact that no evil resulted therefrom."

Section 1715, Mansf. Dig. Ark., makes it a crime, punishable by fine and imprisonment, for any person having knowledge of the commission of a felony to make any promise, engagement, or undertaking, upon agreement or understanding, express or implied, to compound or conceal such crime, or to abstain from any prosecution therefor, or to withhold any evidence thereof.

In 6 Am. & Eng. Enc. L. (2d Ed.) 413, it is said:

"When a contract, made in consideration of the compounding a criminal offense, is executory, the law will not enforce it, or allow any damages for its breach."

In *Rogers v. Blythe*, 51 Ark. 519, 11 S. W. 822, the court said in the syllabus:

"A promissory note, made to procure the dismissal of a criminal prosecution, although given for the amount of the debt due to the payee, is contrary to public policy and void."

In view of the foregoing authorities, and in keeping with the almost universal holdings of the courts on the subject, it is evident that the trial court erred in sustaining the demurrer to the answer of the defendants. If this note was given to compound a felony, as is charged by the answer of the defendants, it is void, and no recovery can be had thereon.

The judgment of the county court of Haskell county should be reversed, and the cause remanded, with instructions to overrule the demurrer, and for further proceedings, not inconsistent with the views herein expressed.

By the Court: It is so ordered.