## 11793

### LAWRENCE *ET AL.* v. HICKS *ET AL.*

#### (128 S. E., 720)

1. MORTGAGES—MORTGAGE SECURING VALID EXISTING DEBT VALID, THOUGH GIVEN BECAUSE OF PROMISE NOT TO PROSECUTE MORTGAGOR.— Mortgage securing valid existing debt is valid, though given because of mortgagee's promise not to prosecute mortgagor for criminal offense, if paid at maturity.

2. CONTRACTS—EVIDENCE HELD TO SHOW ILLEGAL CONSIDERATION FOR NOTE.—In suit to foreclose mortgage securing note, given by defendants for expenses incurred by plaintiff in recovering automobile, for theft of which one defendant was being prosecuted, evidence *held* to show that plaintiff was willing to stop prosecution, if paid amount of note, and hence that consideration was illegal.

3. CONTRACTS—AGREEMENTS, CALCULATED TO IMPEDE REGULAR ADMINISTRATION OF JUSTICE, VOID.—Agreements, calculated to impede regular administration of justice, are void as against public policy, whether improper means were contemplated or employed in their execution or not.

4. CONTRACTS—VOID AGREEMENT, CALCULATED TO IMPEDE REGULAR ADMINISTRATION OF JUSTICE, MAY BE EXPRESSED OR IMPLIED.—Agreement, calculated to impede regular administration of justice, and hence void as against public policy, may be expressed or implied from all facts proved.

Before ANSEL, J. County Court, Greenville, April, 1924. Affirmed.

Action by John T. Lawrence and another against W. F. Hicks an others. From a judgment against the named plaintiff, he appeals.

The following is the decree of the County Court:

"This case comes before me on exceptions to the Master's report of date October 25, 1923. The cause of action on which suit was brought for the foreclosure of a mortgage given by W. F. Hicks, one of the defendants, to secure notes executed by Avery Holden and said W. F. Hicks, to the plaintiffs above named. The note executed by Avery Holden and the defendant Hicks, to the plaintiff, Citizens' Bank of Inman, S. C., was given in lieu of another note held by

the said bank against Avery Holden, the grandson of defendant Hicks, and he, defendant Hicks, secured this note by the mortgage sued on in this case, on the land mentioned and described in the complaint.

"The note of the plaintiff, John T. Lawrence, was executed by the defendant Hicks, and his grandson, Avery Holden, after a warrant had been issued against said Avery Holden for larceny of an automobile belonging to said John T. Lawrence, both of said notes were secured by the mortgage herein referred to. . The defense set up was that the consideration of the note of the plaintiffs was illegal and against public policy, to wit: To stop a criminal prosecution, then pending against one Avery Holden, the grandson of the defendant Hicks.

"Much evidence was introduced, all of which I have carefully read. As to the note of the Citizens Bank of Inman, I agree with the Master, that said note, being for a legal consideration, is entitled to be paid out of the proceeds in the hands of the Master. The note of the bank, given by Avery Holden, was a legal and binding obligation before any prosecution had been taken against the said Holden, and had no connection with it. The bank gave up the security it had, when the defendant Hicks signed the note with his grandson, and the mortgage afterwards given was to secure said note. 'A mortgage, given to secure a valid existing indebtedness, the giving having been induced by promise of mortgagee, not to prosecute the mortgagor for violation of a criminal statute, if paid at maturity, is valid.' Syllabus, *Bankhead v. Shed,* 80 S. C., 253.

"The note given to the plaintiff, John T. Lawrence, and signed by said Holden and the defendant Hicks, was not a pre-existing debt, but was for expenses incurred by plaintiff in trying to recover the automobile, which the said Holden was being prosecuted for stealing. and which automobile was recovered. This note was also secured by the mortgage herein sued on. Now what was

the consideration of this note? What did the prosecution or nonprosecution of the said Avery Holden have to do with the giving of this note? Was it to get some immunity from the nonprosecuting of said case? Or was it merely to make the plaintiff whole, and repay him the amount he was out by reason of the loss of his automobile?

"The plaintiff, John T. Lawrence, testified as follows: 'You state in this letter as follows: "You know I can have this case called in Court, if you do not carry out your obligation to me." You wrote that? Yes.'

"In the case of *Williams v. Walker,* 18 S. C., 584, the Court says: 'But where a note is given by a person not liable for damages sustained by the party injured, for the purpose of stopping a prosecution, even for assault and battery, it will be held void, as based upon an illegal consideration, because in such a case the consideration cannot be referred to the compensation due by one to the other, for there is nothing due in such a case from the maker to the payee of the note, and the consideration must be referred to the stopping of the prosecution, and is, therefore, illegal.' The above case is cited in *Tucker v. Cox,* 101 S. C., 477. See, also, *Groesbeck v. Marshall,* 44 S. C., 542.

"It seems to me that the facts proved in this case, so far as the Lawrence note is concerned, go to show that the said plaintiff was willing to stop the case, if he was paid the amount of the note given to him and that, therefore, the consideration of the note was illegal. 'Agreements calculated to impede the regular administration of justice are void as against public policy, without reference to the question whether improper means are contemplated or employed in their execution. The law looks to the general tendency of such agreement, and it closes the door to temptation, by refusing them recognition in any of the Courts of the country.' 9 Cyc., 500. See, also, *Aycock v. Gill,* 183 N. C., 342; 111 S. E., 342.

"This agreement may be either expressed or implied from all the facts proved. *Clark v. Pomeroy,* 4 Allen (Mass.), 534. I cannot agree with the findings of the Master as to the note of the plaintiff, John T. Lawrence, though I must confess that the questions involved as to his note are not free from doubt. It is, therefore, ordered that the report of the Master be modified as above indicated.

"It is further ordered that, out of the funds now in the hands of the Master, he do pay the costs of this case and the note and interest of the plaintiff, Citizens' Bank, and that any balance in his hands, after paying the above, be applied to the note and interest of the defendant, A. W. McDavid, a junior mortgagee, and that any balance be held subject to the further order of this Court."

*Messrs. Martin & Blythe,* for appellant, cite: *Promise to stop prosecutions:* 44 S. C., 538; 101 S. C., 473. *Agreement to compensate for civil injury only:* 6 R. C. L., Sec 170.

*Messrs. Dean, Cothran & Wyche,* for respondent, cite: *Burden of upsetting finding of fact:* 120 S. C., 740. *Compromising prosecutions:* 2 Strob., 117; 18 S. C., 577; 44 S. C., 538; 101 S. C., 473. *Agreement to compensate for civil injury only:* 80 S. C., 253. *Retarding justice:* 9 Cyc., 500.

June 30, 1925.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons therein stated, the judgment of the County Court is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN, and MARON, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY, concur.