Hines *v.* Hines.

Opinion delivered March 18, 1929.

*A. L. Smith,* for appellant.

*Rice & Dickson,* for appellee.

Kirby, J. This appeal is prosecuted from a judgment against appellants upon a promissory note.

Appellee, wife of appellant, Ercell Hines, at the time, had had him arrested for wife abandonment, and the prosecution was discharged or dismissed upon payment by appellant, his mother, of $131.20 by check, $100 of which was given to appellee and the remainder used in the payment of the costs of the prosecution, including a fee for the prosecuting attorney, and the execution by appellants of the note sued on for $150, appellant's mother signing the name of his father thereto, who was not present, being in a hospital in Kansas City at the time.

Appellants defended on the ground that the note was void, being executed in consideration of the dismissal of the prosecution; appellant W. F. Hines denying liability also on account of his name being signed thereto without authority.

The testimony tends to show—is, in fact, well-nigh undisputed—that this settlement was made, the money paid and the note given for the purpose of procuring the dismissal of the prosecution, which was done, the justice's judgment reciting:

"On the 9th day of January, 1926, came the said Florence Hines and Ercell Hines, husband and wife, and announced that they had settled their domestic troubles as to this suit, that he had paid her full consideration, as required, and the case to be dismissed, and defendant is discharged, all costs being paid; therefore, this case is dismissed and defendant discharged."

The court instructed the jury that the burden was upon the defendants to show by a preponderance of the evidence that the note in controversy was given for suppression of criminal prosecution, and, if it appeared that it was given in settlement of obligations on the part of defendant for maintenance and support of his wife, and not for the purpose of suppressing the criminal prosecution, it would be valid. It refused to instruct a verdict for defendants, and amended their requested instruction No. 2 by striking out that part of same italicized herein.

"You are instructed that, if you find from a preponderance of the evidence that the note sued on was given for the purpose and in consideration of the dismissal of the prosecution pending in the justice of the peace court, you will find for the defendants, *even though you should find that a further consideration of making of said note was for the purpose of providing funds for the living expense of the plaintiff.*"

The court erred in amending appellant's requested instruction No. 2, and the prejudice resulting therefrom was aggravated and accentuated by the giving of instruction No. 1.

In *Winter* v. *Lewis,* 132 Ark. 399, 200 S. W. 981, it is said: "Any contract the consideration of which, in whole or in part, is to conceal a crime or stifle a prosecution therefor, is necessarily repugnant to public policy, and, for that reason, is illegal and void."

In *Kirkland* v. *Benjamin,* 67 Ark. 480, 55 S. W. 840, the court said:

216

"A promissory note made to procure the dismissal of a criminal prosecution, although given for the amount of a debt due the payee, is contrary to public policy, and void." Citing *Rogers* v. *Blythe,* 51 Ark. 519, 11 S. W. 822.

If it cannot be said that the undisputed testimony shows that the note sued on was executed for the purpose of procuring the dismissal of a criminal prosecution, which is the opinion of the writer, it all tended to show that that was a material part of the consideration therefor, and, such being the case, would have rendered it illegal and void, and the court erred in not so declaring the law, in accordance with appellant's requested instruction No. 2.

The judgment is reversed, and the cause remanded for a new trial.