## SINGER SEWING MACHINE CO. v. ESCOE et al.

No. 25713.     Feb. 2, 1937.

Everest, McKenzie & Gibbens, for plaintiff in error.

Johnson & Price, for defendants in error.

PER CURIAM. This was an action against the defendant I. S. Ritchie to recover on two promissory notes in the total sum of $749.60 with interest and attorney fees. The parties will be referred to as they appeared in the trial court. One note was for the sum of $358.64 and one for $300. Both notes were dated and executed by the defendants on June 5, 1930. A payment was made of $28.63 as interest on the first note and a credit of $28.64 on the second note.

The defendant Ritchie answered and alleged that the two notes executed were obtained through fraud in that the agent of the plaintiff, Escoe, at the time of the execution was not indebted in any manner to the plaintiff. At the outset it may be stated that this allegation is not sustained in any respect.

The second allegation in the answer was that at the time of execution the said Escoe was threatened with prosecution, and that the notes were given in consideration and with the agreement that the said Escoe would not be prosecuted, and that therefore the consideration for the same is illegal and void. It is to this point that we address ourselves in this opinion.

The cause was tried to the court without a jury after the issues were properly made. Judgment was for the defendant, and after a motion for new trial was overruled, plaintiff appealed and assigns three errors in the action of the trial court in rendering judgment for the defendant. The first specification of error is that there was neither duress nor failure of consideration to Mr. Ritchie in the execution of the two notes under the facts. That this case does not come within the terms of our statute on duress is plain. Section 9414, O. S. 1931, defines duress and by a simple reading thereof it may be ascertained that the facts in this case do not support duress. The defendant I. S. Ritchie was an uncle of the agent Escoe. In fact, we find by reference to the answer of the defendant that he relied upon illegal consideration. The defendant stated upon the witness stand that the agent of the Singer Sewing Machine Company came to him together with Escoe and represented that Escoe had run behind with the Singer Sewing Machine Company, and that they were liable to send him to the penitentiary if he didn't get it fixed up, and that at that time the agent represented to the defendant that Escoe was a very good salesman and one of the best they had, and that Escoe would soon earn enough to pay the notes back and that this would enable Escoe to go on with his work; that this was the inducement de-

fendant had to sign the papers. Whereupon, defendant was asked what consideration there was for the execution of the notes, to which objection was duly made, and then the defendant stated in substance that the company by its agent represented that Escoe was running behind $500 or $600 and the surety company would prosecute unless it was straightened up, but if it was straightened up Escoe would keep his job, and under these circumstances to permit Escoe to keep his job and to release him, defendant signed the notes.

Escoe had been employed as a traveling salesman and had become some $900 in arrears with the plaintiff company. J. D. Beggs, agent for plaintiff, went to the defendant in the presence of Escoe. The plaintiff by the witness Beggs controverted the testimony of the defendant and denied that he had any conversation with the defendant with relation to the agreement, either to conceal the defalcation or fail to report the same or to refrain from prosecution thereon.

Our court has passed directly upon an agreement made to conceal or refrain from prosecution of criminal offenses. First National Bank v. Russell, 128 Okla. 222, 262 P. 205; First National Bank v. Allen, 88 Okla. 162, 212 P. 597; Stanard v. Sampson, 23 Okla. 13, 99 P. 796; Calloway v. Western States Lbr. Co., 32 Okla. 680, 123 P. 151.

In Stanard v. Sampson, supra, the court in the syllabus said:

"If the consideration of a note is partly illegal, the whole note is void; and, where the note is given in settlement of pre-existing debts, in addition to certain sums of money advanced to one of the makers at the time of signing same, and also for the agreed purpose of discontinuing a pending prosecution against one of the makers thereof for a crime, such note, being entire and indivisible, is void, and there can be no recovery thereon."

In Fidelity & Deposit Co. v. Grand Nat. Bank of St. Louis, 69 Fed. (2d) 177, it is stated:

"An agreement to stifle a prosecution, suppress evidence, compound an offense, or conceal a crime which has been committed is void because it is contrary to public policy."

That statement was made with reference to the statute of Missouri, and the language therein contained is almost identical with the language of section 1954, supra. In that opinion the court said:

"The lower court based its decision largely upon this statute, which we think is not broader than the common-law principles applicable."

In Re Lawrence, 166 Fed. 239, it is said:

"If the consideration for the indorsement was illegal, I do not think that any waiver of such defense by Mr. Lawrence was effected. The nonenforcement of illegal contracts being a matter of public interest, a party thereto cannot by stipulation, either at the time of the execution of the contract or afterwards, waive his right to set up the defense of illegality in any action thereon by the other party. The same rule of public policy which forbids the execution of the contract forbids the giving of a quasi validity thereto by a waiver of such defense. 15 Am. & Eng. Encyc. of Law '(2d Ed.) page 1014, and cases cited; Bridger v. Goldsmith, 143 N. Y. 424, 38 N. E. 458."

In Rutherford v. Elliott, 23 Fed. (2d) 250, it is stated:

"A contract is illegal, where an essential and indivisible part of the consideration is tainted with illegality. C., C. C. & St. L. R. R. Co. v. Hirsch (C. C. A. 6) 204 F, 849, 854; Western Indemnity Co. v. Crafts (C. C. A. 6) 240 F. 1, 7, 8."

To the same effect see Friend v. Miller, 52 Kan. 139, 34 P. 397.

In the case of Case v. Smith, 107 Mich. 416, 65 N. W. 279, that court said:

"It is well settled that any contract, the consideration of which is to conceal a crime or stifle a prosecution, is necessarily repugnant to public policy, and that a contract whose consideration is contrary to public policy is void. 2 Kent, Comm. 366; 2 Starkie, Ev. 87; Roll v. Raguet, 4 Ohio, 400; Clark v. Ricker, 14 N. H. 44; Treat v. Jones, 28 Conn. 334. It is equally true that if any part of an indivisible promise or any part of an indivisible consideration for a promise is illegal, the whole is void, and no action can be maintained thereon. Snyder v. Willey, 33 Mich. 482, and cases cited at page 483."

Plaintiff relies upon the fact that if the testimony of the defendant is to be believed, there is still no competent evidence in the record sustaining the proposition that there was any agreement by the plaintiff to conceal any crime or to refrain from prosecution, and that as a matter of fact the surety company could not be bound by any statement made by Beggs for the reason that Beggs was not an agent of the surety company. In this connection it is to be remarked that the surety company would know nothing of the default unless it was informed by the Singer Sewing Machine Company. Plaintiff placed the witness

Beggs on the stand, and there is no connection in any way of the witness Beggs except as an agent of the Singer Sewing Machine Company, unless it be contained in the statement on cross-examination that Escoe had married a daughter of a half sister of witness Beggs's wife.

As we view it, the question presented is, Does the record contain any competent evidence from which the court was justified in finding that the contract was illegal as based upon an agreement express or implied to conceal, suppress or refrain from prosecution of Escoe? Whether such agreement was the consideration is a question of fact for the court or jury. Epps v. Anderson, 28 Ga. App. 745, 113 S. E. 28; Lawrence v. Hicks (S. C.) 128 S. E. 720; Dillon v. Ennis (Mo.) 205 S. W. 191; Thom v. Stewart, 162 Cal. 415, 122 P. 1069; McConnell v. Cherokee Nat. Bank of Rome, 18 Ga. App. 56, 88 S. E. 824.

As to whether the contract is illegal is a matter of law. The case was tried to the court and his findings will be given the same effect as the verdict of a jury. The rule to be applied is whether there is any competent evidence tending to support the finding of the court necessary to sustain the illegality of the contract. We are of the opinion and hold that there was sufficient evidence to sustain the necessary finding of the court as reflected by the general judgment for the defendant.

We shall consider one case in particular cited by the plaintiff for the reason that it is cited by several courts on this question. In Provident Savings Life Assurance Society v. Edmonds (Tenn.) 31 S. W. 168, a stepfather had issued notes in settlement of the defalcation of his two step-sons and after the death of the step-father an action was brought by the plaintiff to recover upon the notes.

By an examination of that case it will appear that the court found the consideration to be the settlement of the deficit and the further employment, while in the case at bar the court found the consideration to be illegal. It must be borne in mind that the court found a general judgment for the defendant here, and the trial court must err as a matter of law before its judgment can be reversed. We are convinced that the court was authorized to find from the evidence submitted that the consideration for the contract was illegal, and therefore void.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, and HURST, JJ., concur. RILEY, BUSBY, and GIBSON, JJ., absent.