## U. S. CIRCUIT COURT.

### MARGARET SULLIVAN agt. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

*Complaint — Demurrer — What causes of action may and may not be joined in the same complaint — Code of Civil Procedure, secs. 484–488.*

Where plaintiff sets up a claim against a railroad corporation for penalty incurred for excessive fare taken on one trip, and damages for personal injuries for unlawful ejection from defendant's cars on a subsequent trip, and defendant demurs to the complaint because, under section 484 of the New York Code of Civil Procedure, two causes of action have been improperly united:

*Held*, that, under section 488, a cause of action for penalty cannot be joined with a cause of action for personal injuries, even when they are claims arising out of the same transaction; and, at any rate, the claims in this action cannot be considered as arising out of the same transaction.

But section 484 should be construed to refer to cases of two or more good "causes of action" well pleaded, and the claim for a penalty in this case being insufficient in form and substance, the complaint contains but one cause of action, and that for personal injuries; and the demurrer should, therefore, be overruled, and the irrelevant matter in reference to the penalty should be stricken out.

*Decided, July,* 1881

*J. T. Williams,* for plaintiff.

*William E. Barnett,* for defendant.

BROWN, *J.* — This action was removed to this court from the supreme court of the state, and the sufficiency of the pleading is therefore to be determined according to the provisions of the New York Code of Procedure.

The complaint sets up a claim to fifty dollars as a penalty alleged to have been incurred by the defendant for demanding and receiving from the plaintiff an excessive fare beyond the rate of three cents per mile allowed by law, upon her trip

from New Rochelle to Mt. Vernon on May 11, 1880 ; and also a claim to $5,000 damages for being violently and unlawfully ejected from the defendant's cars upon her subsequent return trip, on the same day, to her great suffering and injury.

The defendant demurs to the complaint because it appears upon the face thereof that two causes of action have been improperly united, viz., one for a statutory penalty and the other for damages for personal injuries.

The New York Code of Procedure (*sec.* 488, *sub.* 7) allows a demurrer where the complaint contains different causes of action improperly united.  Section 484 provides what causes of action may be joined in the same complaint.  This action contains nine subdivisions, which are followed by a clause declaring that " it must appear that all the causes of action so united belong to one of the foregoing subdivisions."  The second subdivision provides for " claims for personal injuries," and the ninth subdivision provides for " claims arising out of the same transaction, or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions."

The principal claim, which is for damages for personal injuries, is well pleaded and manifestly falls within the second subdivision of this section.  By force of the concluding clause of this section above quoted, it follows that no other cause of action can be joined with that except one for personal injuries, since that forms the exclusive subject of subdivision 2.  An action for a statutory penalty is not an action for a personal injury, and therefore cannot be joined with the other in the same complaint.

The defendant claims that by reason of a duplex or train ticket, so called, for five cents, having been given on the down trip, which was offered as part fare on the return trip, and which, as is claimed, contributed, through misunderstanding by the defendant, to her ejection on the latter trip, makes both claims fall within the ninth subdivision above stated as " claims arising out of the same transaction," &c.  But that .

subdivision is further qualified by the amendment adding the words "and not included within one of the foregoing subdivisions." But the claim for personal injuries is included in subdivision 2, and hence cannot fall within subdivision 9, while the latter is the only subdivision under which a claim for a penalty can come, as none of the previous subdivisions would include it. But aside from this I think it impossible to consider a claim for a penalty incurred for excessive fare taken on one trip and an ejection for non-payment of fare on a subsequent trip to be " claims arising out of the same transaction." The penalty, if incurred, was complete before the latter trip began. I cannot perceive how the duplex ticket given on the first trip, even if refused on the second trip, would tend to make the excessive fare demanded on the first trip and the ejection on the second trip to constitute parts of the same transaction. They are perfectly distinct.

If there were no other circumstances in the case, therefore, the demurrer would have to be sustained.

But on examination of the complaint I am satisfied that it does not contain facts constituting a " cause of action " for a penalty. The design of a demurrer under section 488 is to compel the plaintiff to elect upon which of two causes of action improperly united he will proceed. No such election can properly be said to exist where but one good cause of action is set up. For if the other matter, which is insufficient to constitute a cause of action, could be supposed to be elected, a demurrer would immediately lie thereto, because it did not constitute a " cause of action," or the complaint could be dismissed therefor at the opening of the trial, and the result would be no action at all. Section 488 should therefore be construed to refer to cases of two or more good " causes of action " well pleaded. The words " cause of action " should be held to mean the same thing in subdivision 7 as in subdivision 8 of section 488.

The claim for a penalty is not presented as a distinct cause of action separately numbered, but is presented only as a part

of an entire narrative. As a cause of action it is insufficient both in form and substance. It does not set forth, refer to, or in any manner identify the statute alleged to have been violated, nor even state whether it refers to a statute of the state of New York or to a statute of the state of Connecticut, under whose laws it alleges the defendant corporation was chartered. Again the necessary inference from all the allegatons of the complaint on the subject of the excessive fare is that there was no such " demanding and receiving " of excessive fare as could be held to incur a penalty. The legal rate is alleged to be three cents per mile; the distance traveled three and nine-tenth miles, and the customary fare eight cents. The complaint shows that the plaintiff purchased no ticket before entering the cars, and that when thirteen cents was required of and paid by her the conductor gave her back a duplex ticket, which " he said was good for five cents." The plaintiff took it as such, and it nowhere appears that it was not good for five cents. The complaint goes on to state that the plaintiff, being old, and her eyesight poor, she " did not read what was printed on the ticket," &c. The necessary inference from this, coupled with the conductor's saying that the ticket was " good for five cents," is that the printed matter upon the ticket showed how and where the five cents was payable. If these conditions were reasonable, and such as the courts have upheld as justifiable regulations to enforce the purchase of tickets before entering the cars, then only eight cents were in effect demanded and received. The complaint does not state what the printed matter was, and it cannot be assumed that the directions for the redemption of the ticket were unreasonable, and it does not appear but that the plaintiff either has already received the money for it or may at any time do so. To incur a penalty there must be an intentional taking and appropriation of excessive fare. If counterfeit coin were given in making change, no action for penalty would lie; and in this case the ticket for five cents given back to the plaintiff shows that no excessive fare was designed to

be appropriated by the defendant. Had the ticket not been good for five cents, or had the regulations or printed conditions been unreasonable, the plaintiff was bound to allege these facts.

The complaint contains, therefore, but one cause of action, and that for personal injuries, and the demurrer should, therefore, be overruled, with liberty to answer within twenty days, but under the circumstances, without costs, and the irrelevant matter in reference to the penalty should be stricken from the complaint.