## LEONARD *v.* WHETSTONE ET AL.

[No. 4,499.   Filed October 6, 1903.   Appeal to Supreme Court dismissed January 5, 1905.]

1. CONTRACTS.—*Marriage.*—*Advice of Parents.*—*Liability.*—A parent has the right to advise a child in reference to a marriage contract, and also to advise the breach of a contract of marriage when such parent thinks the marriage should not be consummated.   p. 386.

2. SAME.—*Marriage.*—*Malicious Interference by Third Party.*—*Liability.*—Where a third person by false and slanderous statements procures the breach of a contract of marriage, such third person can not be sued for causing a breach of such contract, but may, for such slander or libel.   p. 386.

3. SAME.—*Marriage.*—*Advice by Parents.*—*Right of Action.*—Though a parent's advice may result in a child's breach of a contract of marriage, still, the giving of such advice is not actionable.   p. 387.

4. SAME.—*Marriage.*—*Malicious Interference.*—*Privilege.*—Where defendants' son had contracted to marry plaintiff, and the defendants, father and mother, conspired to wrong plaintiff and maliciously persuaded, commanded and hired said son to break such contract, and threatened such son that if he did marry the plaintiff they would drive him from home, disown and disinherit him, and that they paid a third party a large sum of money to take such son away where plaintiff could not see nor communicate with him, and that they falsely charged plaintiff with being unchaste and with suffering an abortion, and at the time of the doing of these things they knew that such son had kept her company for three years without any complaint on their part, and had engaged to marry her, and under such promise had seduced her, and that a child had been born to him and her, such acts are not sufficient to constitute a liability in plaintiff's favor against such parents, such acts being protected by an absolute privilege of the law.   p. 387.

From Tipton Circuit Court; *Walter W. Mount,* Judge.

Action by Della Leonard against John Whetstone and wife. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*George Shirts, W. R. Fertig, John E. Garver* and *Dan Waugh,* for appellant.

*S. D. Stuart, C. G. Reagan, J. M. Fippen* and *J. M. Purvis,* for appellees.

HENLEY, J.—In this appeal error is properly assigned, presenting the questions arising out of the action of the trial court in sustaining the demurrer of appellees to the two paragraphs of complaint filed by appellant.

Each paragraph of the complaint seeks to recover damages from appellees for injuries sustained by appellant by reason of the alleged wrongful acts of appellees in procuring their son to cancel and break a marriage contract existing between him and appellant, the said son having at the time seduced appellant and begotten her with child. The averments of the first paragraph of complaint are briefly as follows: That appellees are possessed of a large amount of property; that the families of appellant and appellees resided in the same neighborhood, and were intimately acquainted, and of equal social standing; that the son of appellees was a young man of intelligence and fine address, and was in every way fitted to be the husband of appellant; that said son, with the knowledge and consent of appellees, for three years was appellant's suitor, and was often at her home and with her in public; that he won her love, and they became engaged to be married, and that, under such promise to marry, said son seduced appellant and begot her with child; that appellees knew these facts before they committed the alleged wrongful acts. It is further alleged that appellant was in every way fit and competent to become the wife of said son, and that, being pregnant by him, she requested him to marry her at once, in order to protect her good name; that said son agreed so to do, and applied for a license to

marry her; that appellees learned of said facts, and conspired together to wrong the appellant and to prevent the marriage by maliciously persuading, commanding and hiring their said son not to marry appellant, and to violate his said marriage contract; that appellees falsely stated to the clerk of the circuit court that their said son was a minor, and commanded the clerk not to issue the marriage license, and, further, to cause said marriage contract to be broken, they told their said son that if he married appellant they would drive him from home, disown and disinherit him; that appellees hired another person to take said son to parts unknown, and paid said son large sums of money to remain away, so that appellant could not communicate with him; that, by reason of said acts and words of appellees, the said son refused to marry appellant; that thereupon appellant sued the said son for breach of said marriage contract and for seduction, and recovered a judgment against him for $5,000; that no execution has been issued on said judgment, and that the same is unpaid and uncollectible; that the appellant, on account of said promise to marry, made preparations therefor, and denied herself the society and attentions of other young men; that, but for the wrongful and malicious acts of appellees, their said son would have married appellant, and continued to love and respect her. The further allegation is made that, at the time this action was commenced, appellant had become the mother of the child begotten as aforesaid, and that by the acts of appellees she had been damaged in the sum of $10,000.

Counsel for appellant, in their brief, say: "The second paragraph is like the first, except that it alleges as additional means used by appellees to prevent the marriage that they spoke to their son certain false and slanderous words of and concerning appellant, imputing to her the sin of whoredom and the crime of abortion." It will thus be seen

that both paragraphs of the complaint are drawn upon the theory that appellees are liable in damages to appellant by causing their son to refuse to carry out his promise to marry through and by reason of the acts in the complaint alleged to have been done and committed by them. It also clearly appears in each paragraph of the complaint that the action commenced by appellant against John W. Whetstone, the son of appellees, in which action she recovered judgment for $5,000, was for the breach of the marriage contract, and that the seduction was alleged therein only for the purpose of aggravating the damages. In other words, it appears that appellant elected to prosecute her action against the son *ex contractu*. The proximate cause of the damages recovered by her, and represented by the judgment, was the breach of the marriage contract, and not the seduction. The rule applicable to joint trespassers, as stated in *Fleming* v. *McDonald* (1875), 50 Ind. 278, 19 Am. Rep. 711, is, therefore, not in point here.

1. We can not hold other than that a parent has a perfect right to advise the child whether he or she shall enter into a contract of such importance as one of marriage. Nor should parents' advice be withheld from a child where an agreement to marry has been made, and, in the judgment of the parents of either of the contracting parties, the union ought not to take place.

Judge Cooley, in his work on Torts (2d ed.), p. 277, says: "The prevention of a marriage by the interference of a third person can not, in general, in itself, be a legal wrong. Thus if one, by solicitations, or by the arts of ridicule or otherwise, shall induce one to break off an existing contract of marriage, no action will lie for it, however contemptible and blamable may be the conduct."

2. But if a person is induced to refuse to comply with his agreement to marry by false and slanderous charges made against the other party to the agreement by a third person, the action is not against the third person for causing

a breach of the contract, but for slander or libel, as the case might be.

3. Appellees' advice may have induced their son to refuse to perform his contract to marry appellant. This was not an actionable wrong upon the part of appellees. If the son was of legal age, he had a right to refuse to act upon the advice given. He was not advised to commit the crime of seduction, nor does the complaint so charge.

4. Neither paragraph of the complaint, under the acknowledged theory of the pleader, states a cause of action. The demurrer was properly sustained to both paragraphs.

Judgment affirmed.