## WADE DAVIS v. WILLIAM H. CONDIT.[1]

January 23, 1914.

Nos. 18,332—(197).

**Breach of promise to marry — action against third person.**

> An affianced husband has no cause of action against one responsible for the seduction of his affianced wife, or for the alienation of her affections, or, for her debauching, making proper the breach by him of the marriage contract.

Action in the district court for Hennepin county to recover $20,-000. From an order, Steele, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Affirmed.

*Jay W. Crane,* for appellant.

*Kerr, Fowler, Ware & Furber,* for respondent.

PER CURIAM.

Appeal from an order sustaining a demurrer to the complaint.

The complaint alleges that the defendant maliciously debauched and seduced the affianced wife of the plaintiff, and alienated her affections, and maliciously interfered with the marriage contract then subsisting, causing him properly to break it.

The common law gives the affianced husband no cause of action for the seduction of his affianced wife and no statute gives one. See Case v. Smith, 107 Mich. 416, 65 N. W. 279, 31 L.R.A. 282.

The right to recover for alienation of affections or for criminal

[1] Reported in 144 N. W. 1089.

conversation is a right arising from the marital relation. It is not extended to parties to a betrothal.

The plaintiff claims that the act of the defendant was a malicious interference with the marriage contract between himself and his fiancée. In Joyce v. Great Northern R. Co. 100 Minn. 225, 229, 110 N. W. 975, it is held that a wrongful and malicious interference by a stranger with the contract relations of others, by causing one to commit a breach, is an actionable tort. The breach of contract in the case at bar was by the plaintiff, not by his affianced wife. Because of her unchastity he was justified in breaking the contract; but we are unable to hold that the situation of the parties is such that the plaintiff has a cause of action against the defendant for bringing. about her unchastity, though he acted maliciously.

Order affirmed.