ANNA HOMAN, APPELLANT, v. FLORENCE W. HALL ET AL., APPELLEES.

FILED DECEMBER 22, 1917. No. 19777.

Torts: RIGHT OF ACTION: FIANCÉE. A fiancée cannot maintain an action for damages against a third party, not based on slander, but solely because her betrothed was induced by the defendant to break his engagement.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*B. N. Robertson,* for appellant.

*Stout, Rose & Wells, contra.*

MORRISSEY, C. J.

From an order sustaining a demurrer to the petition and dismissing the action, plaintiff appeals. The petition alleges: That the plaintiff and one Bangs, now deceased, had, during the lifetime of Bangs, entered into an agreement to marry; that they had agreed upon the date when the ceremony should be performed; and that each of the parties was capable of entering into the marriage relation.

"That the said defendants each jointly and severally maliciously, wrongfully, unlawfully, and without just cause and to advance their own pecuniary interests, interposed objections to the said Stephen D. Bangs carrying out his said contract with plaintiff, and through threats that they would place him in a sanitarium and have him removed out of the circle of society in which he was known and had lived, and through falsely representing that plaintiff was of an unchaste character, and by unlawful restraint and undue influence, caused the said Stephen D. Bangs not to fulfil his said contract of marriage with plaintiff, and caused the said Stephen D. Bangs to breach and break his said contract of marriage with plaintiff; that on the 4th day of November, 1914, said Stephen D. Bangs was ready and willing to marry the plaintiff, and, but for the wrongful interference of the said defendants as aforesaid, he was then and there able to do so.

"Plaintiff states: That, by reason of the said wrongful acts of the said defendants in causing the breach of the said contract of marriage, plaintiff sustained the loss of an advantageous matrimonial connection, the said Stephen D. Bangs being a man of wealth at the date set for the wedding and a man of social position; that plaintiff's affections have been disregarded and blighted, she has been disappointed in her affections, and her spirit and feelings wounded, resulting in great mental distress and humiliation, and she has been damaged in the sum of $200,000, no part of which has been paid."

The cause of action for slander was barred by the statute of limitations and is not relied upon by plaintiff, but her action seems to be for enticement or alienation of her fiancé. We are cited to no authority that sanctions a recovery under such circumstances. Where the marriage relation exists and third parties entice away the spouse or alienate the affections, a recovery is allowed, but the cause of action rests upon the right to the society, companionship, conjugal affections and fellowship of the estranged spouse. There is no such right in the fiancée. An alienation suit, therefore, is maintainable only for interference with the conjugal rights of the plaintiff.

"The prevention of a marriage by the interference of a third person cannot, in general, in itself, be a legal wrong. Thus, if one, by solicitations, or by the arts of ridicule or otherwise, shall induce one to break off an existing contract of marriage, no action will lie for it, however contemptible and blamable may be the conduct. But a loss of marriage may be such a special injury as will support an action of slander or libel, where the party was induced to break off the engagement by false and damaging charges not actionable *per se*. Here the action, it is perceived, is for the defamation, and the loss of the marriage only the damage flowing from the injury. A contemplated marriage might be prevented by the forcible separation of the parties, or by the imprisonment of one of them; but the wrong, in contemplation of law, would consist in the assault, or in the false imprisonment, and not in the loss of marriage. The suit might, therefore, lie in favor of one party, and not in favor of the other, if only one was subjected to the illegal force." Cooley, Torts (2d ed.) p. 277.

It is not claimed that she was imprisoned or in any way restrained of her liberty. Under no circumstances could she recover for the restraint or false imprisonment of Bangs. The right of engaged parties

to ask advice of their friends and the right of the friends to give advice has never been denied. To hold that a third party may be subject to answer in damages for advising or inducing an engaged person to break the engagement might result in a suit by every disappointed lover against his successful rival. The state has an interest in the marriage relation, and until the marriage is solemnized no domestic rights exist, and therefore cannot be violated.

The ruling of the trial court is without error, and the judgment is

AFFIRMED.

ROSE, J., not sitting.