FLOYD D. STIFFLER, Plaintiff, *v.* MILDRED WITT BOEHM, Defendant.

Supreme Court, New York Special Term, October 21, 1924.

Contracts — action for damages for causing breach of contract to marry — party to contract to marry cannot maintain action for general damages against third person who induces breach.

A party to a contract to marry cannot maintain an action for general damages against a third person who, even maliciously, entices away or alienates the affections of plaintiff's *fiancée*, thereby causing a breach of their contract to marry. The crux of actions for alienating affections is the loss of consortium and such loss cannot arise in the case of a single man or woman.

MOTION by the defendant to dismiss the plaintiff's complaint for failure to state facts sufficient to constitute a cause of action.

**56** STIFFLER *v.* BOEHM.

*Louis B. Frutkin,* for the plaintiff.

*Bijur & Herts,* for the defendant.

ERLANGER, J.:

For enticing away and alienating the affections of plaintiff's *fiancée,* thereby causing a breach of their contract to marry, the defendant is proceeded against. The defendant moves to dismiss the complaint for legal insufficiency. The complaint contains the allegations usual in such causes. An action of the character mentioned is maintainable against one who meddles with the spouse of another, where the relation of husband and wife exists, and its basis is the loss of *consortium.* But where no marriage was ever consummated, in the absence of a statute, such an action will not lie. While it cannot be said that the question presented is *res nova,* few authorities have been found by me bearing on the subject, and in all the efforts to recover proved futile. The Supreme Court of Minnesota in *Davis* v. *Condit* (124 Minn. 365; 144 N. W. 1089; 50 L. R. A. [N. S.] 142), where that very issue was raised, held that one who seduces or debauches the promised wife of another cannot be held liable for alienation of affections. The same rule has been broadly declared in other jurisdictions. (*Homan* v. *Hall,* 102 Neb. 70; 165 N. W. 881; *Leonard* v. *Whetstone,* 34 Ind. App. 383; 68 N. E. 197.) It also came before this court at Special Term in the Second Department. (*Guida* v. *Pontrelli,* 114 Misc. 181.) The defendant there demurred to the complaint and moved for judgment on the pleadings. The motion was granted. The learned justice, among other things, said: " In this State a party to a contract to marry cannot maintain an action for general damages against a parent or other person who even maliciously induces the other party to breach the contract, *unless fraud or other tortious means be employed.*" (Italics mine.) The court did not mean by the use of the italicised words to infer that such an action was justiciable where in addition to the other facts, fraud or other tortious acts are alleged, for it is apparent from what precedes that they applied to a case where a third party induces another to a contract to breach it. No other conclusion is possible inasmuch as the very crux of the action for alienating affections is the loss of consortium, and such loss cannot arise in the case of a single man or woman. In any event it is seriously to be doubted whether our courts would open the gate to its tribunals and thus invite a deluge of like litigation. No matter what the motive of the defendant may have been, and however malicious her conduct, whatever remedy plaintiff may have against her, the one that he has selected cannot avail him. Motion granted, with ten dollars costs.