ABLEMAN, Respondent, vs. HOLMAN and another, Appellants.

*April 6—May 11, 1926.*

*Conspiracy: To induce breach of marriage contract: Legal liability: Excessive damages.*

1. Generally, a conspiracy or combination to bring about the violation of a contract is a wrong for which the person injured may maintain an action for damages; but the soliciting and inducing a man to breach his contract to marry entails no legal liability in the absence of slanderous or libelous statements, duress, or other unlawful means.  p. 114.
2. A very large judgment rendered in a breach of promise action against the defendant, who, under the evidence, breached the contract, is reversed, as the jury apparently were influenced by proof offered in reference to the conspiracy.  p. 115.

APPEAL from a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

Breach of promise. A trial was had upon the amended complaint in which it was alleged that the defendant *Holman* had promised to marry the plaintiff; that the defendants conspired and confederated together to bring about a breach of such marriage contract. Rose Meier did not appear and was eliminated from the case. The answer of the defendant *Holman* admitted the making of the contract to marry and breach thereof and denied the conspiracy. *Marie Kalk* answered denying the conspiracy. The jury found for the

plaintiff and assessed her damages at the sum of $15,000, and from the judgment entered thereon the defendants *Holman* and *Kalk* appeal.

For the appellants there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien*.

*T. L. Doyle* of Fond du Lac, for the respondent.

ROSENBERRY, J.   The appealing defendants contend, first, that two persons cannot conspire to bring about a breach by one of them of a contract to which that one is a party; second, that no action lies against a third party for inducing a breach of a contract of marriage.

If the second proposition is sound it disposes of this appeal, because the trial was so involved with the alleged conspiracy and the evidence relevant to the issue so different because of the allegations of conspiracy that a new trial must be had if the theory upon which the case was tried cannot be sustained.

In response to the special verdict the jury found that on or about May 13, 1924, the plaintiff and defendant *Holman* mutually promised and agreed to marry each other; that the defendant *Holman* thereafter broke his promise and definitely and finally informed the plaintiff that he would not marry her on or about the 18th day of August, 1924; that the plaintiff was at all times ready and willing to perform her part of the contract; that no justification was established by the defendant *Holman* for breach of the contract; that the defendants *Holman* and *Kalk* did conspire and confederate together to break the aforesaid engagement of marriage which existed between the defendant *Holman* and the plaintiff; and further found that the engagement "of marriage between plaintiff and the defendant *Holman* was broken and their intermarriage prevented by defendants *Holman* and *Marie Kalk,* in furtherance of such conspiracy."   The evidence is undisputed that it was the

defendant *Holman* who breached the contract to marry. The judgment therefore rests upon the fact that the defendants *Holman* and *Kalk* conspired together to induce *Holman* to breach his contract.   This constitutes no conspiracy for the reason stated in *White v. White,* 140 Wis. 538, 122 N. W. 1051.   The evidence shows that the defendants *Holman* and *Kalk* schemed to bring about such a situation as would induce the plaintiff to abandon the contract to marry.   They were, however, unsuccessful in this undertaking, and, as the jury found, the defendant *Holman* refused to perform. Had the defendants been successful in inducing the plaintiff to breach her contract by reason of their wrongful conduct and misrepresentations, a different situation would be presented.   The only ground of liability found by the jury as to the defendant *Kalk* is that she conspired and confederated with *Holman* to break the engagement of marriage.   This under the circumstances could amount to no more than that she solicited and induced the defendant *Holman* to breach his contract to marry, but such conduct entails no legal liability.

"The prevention of a marriage by the interference of a third person cannot, in general, in itself, be a legal wrong. Thus if one, by solicitations, or by the arts of ridicule or otherwise, shall induce one to break off an existing contract of marriage, no action will lie for it, however contemptible and blamable may be the conduct."   1 Cooley, Torts (3d ed.) p. 494 and cases cited.   See, also, *Homan v. Hall,* 102 Neb. 70, 165 N. W. 881, L. R. A. 1918 C, 1195, and note.

This is an exception to the general rule.   The general rule is stated in *Martens v. Reilly,* 109 Wis. 464, 84 N. W. 840, to the effect that the violation of a contract is an unlawful act and that a conspiracy or combination to bring about the doing of the unlawful act is a wrong for which the person injured may maintain an action for damages.

The reason for the exception is stated in *Homan v. Hall,* *supra:*

"The right of engaged parties to ask advice of their friends and the right of the friends to give advice has never been denied. To hold that a third party may be subject to answer in damages for advising or inducing an engaged person to break the engagement might result in a suit by every disappointed lover against his successful rival. The state has an interest in the marriage relation, and until the marriage is solemnized no domestic rights exist and therefore cannot be violated."

If, however, breach of contract is induced by slanderous or libelous statements or brought about by duress or other unlawful means, an action will lie for the wrongs thus committed, and the special injury that the party sustained by reason of the breaking off of the engagement may be considered in determining the damages. 1 Cooley, Torts (3d ed.) p. 494. There is no allegation in the complaint charging slander, libel, or coercion with respect to the plaintiff. The complaint contains certain allegations as to what was done by the defendant in furtherance of the conspiracy, as that the defendants or some of them assaulted and threatened the plaintiff in a public place with intent to injure and degrade her and to get her to give up her said promise of marriage, but it is not charged that the defendant *Kalk* did these things, nor does the case appear to have been tried upon any theory other than that of conspiracy to induce the defendant *Holman* to breach his contract, which as we have pointed out cannot be the subject of a conspiracy under the circumstances alleged and established in this case.

We have given careful consideration to the affirmance of the judgment as against the defendant *Holman,* but in view of the very large amount found by the jury it is quite apparent that the jury was influenced by the proof offered in support of the allegations of the complaint with reference

to the conspiracy. For that reason the entire judgment must be reversed, and the cause remanded for further proceedings.

*By the Court.*—It is so ordered.