VELE LUKAS *vs.* MONIKA TARPILAUSKAS.

Suffolk.    January 14, 15, 1929. — March 14, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Unlawful Interference. Actionable Tort. Contract,* Unlawful interference with contract to marry. *Malice. Parent and Child.*

An action for unlawful interference with a contract to marry cannot be maintained, without proof of express malice, against a mother who induces her child to repudiate such a contract.

*Whether* in any circumstances an action will lie for wrongful interference with a contract to marry was not determined.

TORT for an alleged wrongful interference by the defendant with a contract by her son to marry the plaintiff. Writ dated February 3, 1926.

In the Superior Court, the action was tried before *Whiting,* J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in her favor. There was a verdict for the plaintiff in the sum of $3,500. The judge reported the action for determination by this court.

The case was argued at the bar in January, 1929, before *Rugg,* C.J., *Crosby, Carroll, & Sanderson,* JJ., and afterwards was submitted on briefs to all the Justices.

*E. Z. Dymsza,* (*W. W. Risk* with him,) for the defendant.
*J. A. Treanor, Jr.,* for the plaintiff.

CARROLL, J. The defendant is the mother of Stanley Brazauskas whom, it could be found, the plaintiff had agreed to marry. The declaration alleged that the defendant, "wickedly and maliciously intending to injure and defame the plaintiff, wrongfully induced her son" to break the contract of marriage between the plaintiff and the defendant's son. In the Superior Court the verdict was for the plaintiff.

The plaintiff testified that she was to marry Stanley Brazauskas on October 12, 1925; that in June of that year they

were riding in an automobile; that they stopped on the way and "she fainted and while she was in the faint he took advantage of her"; that a baby was born and Stanley was arrested on a bastardy complaint. There was evidence that the defendant was opposed to the marriage. The jury could have found that she induced her son to break the engagement.

Whether in any event an action will lie for wrongful interference with a contract to marry need not be decided. See *Leonard* v. *Whetstone*, 34 Ind. App. 383; *Homan* v. *Hall*, 102 Neb. 70; *Ableman* v. *Holman*, 190 Wis. 112. Assuming without deciding that such an action lies, it cannot be maintained against a parent who induces her child to repudiate such a contract without proof of express malice. The record here shows no malice. The burden was upon the plaintiff to show that the defendant in what she said and did was prompted by malice and was not acting under the influence of natural affection for the welfare and happiness of her son. The defendant had the right to persuade him not to marry the plaintiff, and she could emphasize her objections. The mother evidently thought that it was undesirable for him to marry the plaintiff, that she would not make a good wife, that such a marriage would not result in happiness or contentment for either of the parties, and, having her son's interest at heart, she could advise him and endeavor to prevent the marriage. She could not slander the plaintiff, but she could use every lawful means to promote her son's future. There was no evidence that the defendant was controlled by malice rather than by the desire for his happiness. Some of the language used by the defendant was coarse. She was apparently indifferent to the condition in which the plaintiff found herself. But the evidence was not sufficient to show malice. *Leonard* v. *Whetstone, supra. Homan* v. *Hall, supra. Ableman* v. *Holman, supra.* See *Harriott* v. *Plimpton,* 166 Mass. 585; *Multer* v. *Knibbs,* 193 Mass. 556.

*Judgment is to be entered for the defendant.*