[No. 22644.   Department Two.   February 13, 1931.]

E. C. CLARAHAN, *Appellant,* v. CECIL COSPER,
*Respondent.*[1]

*P. L. Pendleton* and *W. G. Palmer,* for appellant.
*Herbert C. Bryson,* for respondent.

MILLARD, J.—Alleging that Lillian Drenkhahn was engaged to marry him, and was maliciously induced by the defendant to breach that contract, plaintiff seeks in this action to recover damages for humiliation, mental anguish, and loss of time, claimed to have been suffered by him as a result of that breach of contract. Defendant's demurrer to the complaint was sustained. The appeal is from the judgment of dismissal.

The complaint, the allegations of fact therein being admitted by the demurrer to be true, discloses that on September 19, 1928, Lillian Drenkhahn entered into an oral engagement to marry the appellant. At that time, appellant's fiancee was employed by the respondent at a salary of one hundred and fifty dollars monthly. Respondent learned of the engagement of appellant to marry Miss Drenkhahn, whose salary was increased by respondent to two hundred and fifty

[1]Reported in 296 Pac. 140.

dollars monthly to induce her to breach the contract to marry the appellant. The respondent, a married man, became unduly attentive to appellant's fiancee, showering her with flowers, gifts of automobile trips, all for the purpose of inducing her to breach the marriage contract. On August 19, 1929, respondent met appellant's fiancee at Vancouver, Washington, and transported her by automobile to some point near Underwood, Washington, where they were accosted by appellant, to whom respondent admitted that he had induced appellant's fiancee to breach the marriage contract.

If the respondent, by slanderous or libelous statements, had induced the breach of the contract, a different question would be presented than the one now before us. The general rule is that the prevention of a marriage by the interference of a third person cannot, in general, in itself be a legal wrong. The conduct of the respondent was exceptionally shameful, in view of the fact that he was a married man. That he desired to retain an efficient employee, is no excuse for his behavior. However, his soliciting and inducing appellant's fiancee to breach her contract to marry the appellant, can not impose upon him any legal liability. A wrong has been done to the plaintiff for which the law provides no remedy.

" 'The prevention of a marriage by the interference of a third person cannot, in general, in itself, be a legal wrong. Thus if one, by solicitations, or by the arts of ridicule or otherwise, shall induce one to break off an existing contract of marriage, no action will lie for it, however contemptible and blamable may be the conduct.' 1 Cooley, Torts, 3d ed. p. 494, and cases cited.

"See also, *Homan v. Hall,* L. R. A. 1918C, 1195, and note (102 Neb. 70, 165 N. W. 881).

"This is an exception to the general rule. The general rule is stated in *Martens v. Reilly,* 109 Wis. 464,

84 N. W. 840, to the effect that the violation of a contract is an unlawful act, and that a conspiracy or combination to bring about the doing of the unlawful act is a wrong for which the person injured may maintain an action for damages. The reason for the exception is stated in *Homan v. Hall, supra:* 'The right of engaged parties to ask advice of their friends and the right of the friends to give advice have never been denied. To hold that a third party may be subject to answer in damages for advising or inducing an engaged person to break the engagement might result in a suit by every disappointed lover against his successful rival. The state has an interest in the marriage relation, and, until the marriage is solemnized, no domestic rights exist, and therefore cannot be violated.'

"If, however, breach of contract is induced by slanderous or libelous statements, or brought about by duress or other unlawful means, an action will lie for the wrongs thus committed, and the special injury that the party sustained by reason of the breaking off of the engagement may be considered in determining the damages. 1 Cooley, Torts, 3d ed. p. 494. There is no allegation in the complaint charging slander, libel or coercion with respect to the plaintiff. The complaint contains certain allegations as to what was done by the defendant in furtherance of the conspiracy as that the defendants or some of them assaulted and threatened the plaintiff in a public place with intent to injure and degrade her and to get her to give up her said promise of marriage, but it is not charged that the defendant Kalk did these things, nor does the case appear to have been tried upon any theory other than that of conspiracy to induce the defendant Holman to breach his contract, which as we have pointed out, cannot be the subject of a conspiracy under the circumstances alleged and established in this case." *Ableman v. Homan,* 190 Wis. 112, 208 N. W. 889, 47 A. L. R. 440.

The courts of this country have uniformly held that, in the absence of statute giving a right of action in cases like the one at bar, an action cannot be main-

tained against a third person whose interference prevents a marriage. It is distinguishable from an action against one who interferes with the spouse of another. In such case the action is maintainable, the basis being the loss of consortium.

An apt authority is *Stiffler v. Boehm,* 206 N. Y. Supp. 187, 124 Misc. 55. The defendant, a woman, enticed away and alienated the affections of plaintiff's fiancee, thereby causing a breach of their contract to marry. The court said:

"An action of the character mentioned is maintainable against one who meddles with the spouse of another, where the relation of husband and wife exists, and its basis is the loss of *consortium.* But where no marriage was ever consummated, in the absence of a statute such an action will not lie. While it cannot be said that the question presented is *res nova,* few authorities have been found by me bearing on the subject, and in all the efforts to recover proved futile. The Supreme Court of Minnesota, in *Davis v. Condit,* 124 Minn. 365, 144 N. W. 1089, 50 L. R. A. (N. S.) 142, where that very issue was raised, held that one who seduces or debauches the promised wife of another cannot be held liable for alienation of affections. The same rule has been broadly declared in other jurisdictions. *Homan v. Hall,* 102 Neb. 70, 165 N. W. 881, L. R. A. 1918C, 1195; *Leonard v. Whetstone,* 34 Ind. App. 383, 68 N. E. 197, 107 Am. St. 252. It also came before the court at special Term in the Second Department, *Guida v. Pontrelli,* 114 Misc. 181, 186 N. Y. Supp. 147. The defendant there demurred to the complaint and moved for judgment on the pleadings. The motion was granted. The learned justice, among other things said:

" 'In this state a party to a contract to marry cannot maintain an action for general damages against a parent or other person who even maliciously induces the other party to breach the contract, *unless fraud or other tortious means be employed.*' (Italics mine.) The court did not mean by the use of the italicized words to infer that such an action was justifiable where in

addition to the other facts, fraud or other tortious acts are alleged, for it is apparent from what precedes that they applied to a case where a third party induces another to a contract to breach it. No other conclusion is possible, inasmuch as the very crux of the action for alienating affections is the loss of *consortium,* and such loss cannot arise in the case of a single man or woman. In any event it is seriously to be doubted whether our courts would open the gate to its tribunals and thus invite a deluge of like litigation. No matter what the motive of the defendant may have been, and however malicious her conduct, whatever remedy plaintiff may have against her, the one that he has selected cannot avail him.''

The early English cases cited by appellant are distinguishable from the case at bar. They are actions to recover damages for words spoken. The holding in those cases is to the effect that, where a person makes representations with regard to the plaintiff which otherwise would not be actionable, if the purpose thereof is to induce another to breach a contract to marry the plaintiff, and they have this effect, an action may be maintained to recover damages by reason thereof. An examination of those authorities shows that though the court held that the words were otherwise not actionable, legal liability followed *because of the slanderous character of the representations.*

The judgment is affirmed.

MITCHELL, MAIN, and FULLERTON, JJ., concur.

BEALS, J., concurs in the result.