JOE BROWNSTEIN, DEFENDANT IN ERROR, v. MORRIS BRICKER AND JENNIE BRICKER, PLAINTIFFS IN ERROR.—46 S. W. (2d) 958.

St. Louis Court of Appeals.   Opinion filed March 8, 1932.

*Taylor, Mayer & Shifrin* for plaintiffs in error.

*Bass & Bass* for defendant in error.

SUTTON, C.—Plaintiff brings this action against defendants to recover damages for inducing their daughter to breach her marriage engagement to plaintiff. There was a judgment for plaintiff below, and defendants have brought the case here by writ of error.

The sufficiency, or not, of the petition is the sole question presented here. Defendants say that the petition wholly fails to state a cause of action, and on that ground ask a reversal of the judgment. The gist of the averments of the petition is that defendants, by their "conduct and persuasion, induced and persuaded" their daughter to break the engagement. The act of the defendants in inducing and persuading their daughter to break the engagement is characterized by vigorous epithets, not, however, of any helpfulness in making out a cause of action. Defendants' view that the petition wholly fails to state a cause of action is well supported by the authorities cited and relied on by them, as follows: Glencoe Land & Gravel Co. v. Hudson Bros. Com. Co., 138 Mo. 439, 40 S. W. 93; Stiffler v. Boehm, 206 N. Y. Sup. 187; Conway v. O'Brien, 269 Mass. 425; Lukas v. Tarpilouskos, 266 Mass. 498; Minsky v. Staenstein, 6 N. J. Misc. R. 978; Leonard v. Whetstone, 34 Ind. App. 383. We have not been furnished with any authorities announcing a contrary view. We assume there are none such, else plaintiff would have brought them to our attention. He has not, however, favored us with a brief, or any suggestions whatsoever, to support the petition or uphold the judgment.

We think the petition fails to state a cause of action, and recommend that the judgment be reversed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed. *Haid, P. J.,* and *Becker* and *Nipper, JJ.,* concur.