## Maxwell v. Eastman et al.

*Herbert W. Salus* and *Harry F. Kaiser*, for plaintiff.

*William T. Connor*, for defendant.

MacNEILLE, J., July 28, 1933.—An affidavit of defense raising questions of law has been filed in this case.

In the statement of claim it is alleged that on June 10, 1924, the plaintiff and Lemuel C. Altemus entered into an oral agreement to marry; that the date of said marriage was postponed several times by mutual agreement; that during the spring of 1932 it was agreed that the marriage take place before February 16, 1933; that the defendants, intending to injure the plaintiff and to

maliciously effect a breach of said agreement of marriage, did, on December 25,
1932, and for a long time prior thereto and until the present time, conspire to
effect a breach of the said marriage agreement; that the defendant James
Dobson Altemus, on December 25, 1932, in furtherance of the said conspiracy,
assaulted, battered, and beat Lemuel C. Altemus to compel him to breach the
marriage agreement; that the defendant Bessie Dobson Altemus Eastman, on
December 28, 1932, in furtherance of the conspiracy, induced Lemuel C. Alte-
mus to become a patient in a sanatarium for nervous diseases with the malicious
purpose of subjecting him to the influence of the defendants and of preventing
the plaintiff from communicating with him; that the defendants have prevented
the plaintiff from seeing or communicating with Lemuel C. Altemus for the
purpose of preventing the consummation of the marriage agreement; that the
defendant Bessie Dobson Altemus Eastman, on a number of occasions in con-
versations with Lemuel C. Altemus, referred to the plaintiff as "that woman"
and "your mistress" and stated to the plaintiff that "she should not waste her
time on an old drunken sot"; that both defendants have, in conversations with
Lemuel C. Altemus, referred to the plaintiff as a "mistress" and have said:
"You do not expect a young girl to be true to an old man. She is just getting
after you for your money and she has another man she really loves"; that such
statements were untrue and were made for the sole purpose of preventing the
consummation of the marriage agreement; that because of the acts of the
defendants the said Lemuel C. Altemus has refused to carry out the marriage
agreement; and that since June 10, 1924, the plaintiff has maintained her
unmarried status, and has been and is still willing to marry the said Lemuel C.
Altemus.

The first objection raised in the affidavit of defense is that the plaintiff does
not set out a legal cause of action. It is a practically universally recognized
rule in this jurisdiction, and in all other jurisdictions in which the question has
been raised, that parents who interfere with the marital plans of their children
and who induce them to breach their marriage agreement are not liable in a
court action for damages. "An engagement to marry is more than a mere
executory contract. It involves a status or relationship in which others than
the contracting parties have rights recognized by law, e. g., the parents of the
contracting parties, and if defendant's mother in this case saw fit, as she had
a right to do, to advice against her son's contemplated marriage with plain-
tiff, the injury to plaintiff resulting therefrom would be *damnum absque
injuria*": Lowenstein v. McGowan, 5 D. & C. 5. To the same effect are the fol-
lowing cases: Hastings v. Gallagher, 76 Pitts. L. J. 503; Leonard v. Whet-
stone et al., 34 Ind. App. 383; Minsky v. Satenstein et al., 143 Atl. 512 (N. J.);
Lukas v. Tarpilauskas, 266 Mass. 498; Guida v. Pontrelli, 114 Misc. Rep. 181,
186 N. Y. Supp. 147.

While the rule is not quite so universal and the question has never arisen in
this jurisdiction, yet it has been held in most jurisdictions where the question
has arisen that where third persons conspire and do induce a man to breach his
marriage agreement, the law does not recognize any legal right of action in the
wronged party against the third persons. The most recent case involving this
question is Ryther v. Lefferts, 232 App. Div. 552 (N. Y., June 1931), an exhaus-
tive opinion in which the court reviews all the authorities on the question, and
concludes that there is no right of recovery. In this case it was said:

"Marriage is an institution upheld and favored by the State as creating a
status upon which rests the structure of society. Parties before entering upon
that status should not be hindered in securing information and advice from
all sources so that they may become thoroughly informed of all facts and cir-

cumstances which might affect the desirability of their union. If this form of action be extended, any one who may give advice or information to either of the contracting parties would do so at the peril of being sued for inducing the breach. A field would be opened to distressing litigation. Third parties would be reluctant to speak and their self-interest would counsel silence."

Similar conclusions were reached in the cases of Clarahan v. Cosper, 160 Wash. 642, 296 Pac. 140, Ableman v. Holman et al., 190 Wis. 112, Homan v. Hall et al., 102 Neb. 70, Davis v. Condit, 124 Minn. 365, and Conway v. O'Brien, 269 Mass. 425, 169 N. E. 491, in which a very convincing dissenting opinion was written by Justice Pierce and assented to by Justice Sanderson. A contrary view has been taken in the cases of Minsky v. Satenstein et al., 143 Atl. 512 (N. J.), and Gunn v. Barr et al., 1 Dom. L. R. [1926] 855 (Alta.).

The great weight of authority is therefore against the recovery for conspiracy by third persons to induce the breach of a marriage contract and the successful culmination of the conspiracy, and the court is therefore compelled to adopt this view and deny the plaintiff a right to recover for the wrongful interference with her contract of marriage.

However, the plaintiff further alleges in her statement that certain statements were made against her which might be slanderous. In Lowenstein v. McGowan, supra, the court said: ". . . for it should be observed that the statement of claim contains no averments which would support an action for either libel or slander, which alone could give rise to a right of action in such cases." Similarly, in Ryther v. Lefferts, supra, the court said (page 555) : "She may sue Brevoort for damages for breach of his promise, and she has a cause of action against the defendants for such slanderous or libelous words, if any, as may have been uttered by them concerning her." In Conway v. O'Brien, supra, the court said, quoting Leonard v. Whetstone et al., supra: " 'But if a person is induced to refuse to comply with his agreement to marry by false and slanderous charges made against the other party to the agreement by a third person, the action is not against the third person for causing a breach of the contract, but for slander or libel, as the case might be'." In Minsky v. Satenstein et al., supra, even in speaking of parents, the court said: ". . . leaving them liable, however, to an action for libel or slander if such means are used to accomplish that end." In Abelman v. Holman et al., supra, it was said: "If, however, breach of contract is induced by slanderous or libelous statements . . . an action will lie for the wrongs thus committed, and the special injury that the party sustained by reason of the breaking off of the engagement may be considered in determining the damages." In Homan v. Hall et al., supra, it was said, quoting Cooley on Torts (2d ed.) 277: " 'But a loss of marriage may be such a special injury as will support an action of slander or libel, where the party was induced to break off the engagement by false and damaging charges not actionable per se. Here the action, it is perceived, is for the defamation, and the loss of the marriage only the damage flowing from the injury.' "

If slander is therefore used, the intermeddlers are legally responsible for the slander. Of course the allegations as to slander contained in the statement are rather informally set forth, without any dates, due undoubtedly to the fact that it was intended only as one of a chain of circumstances to make the defendants answerable for malicious interference with the marriage contract, but this defect can undoubtedly be cured by amending it.

In the recent case of Seabrook v. Betz, 308 Pa. 333, there was joined in one suit an action in assumpsit and one in tort, admittedly a misjoinder. The

assumpsit action was on an oral contract of guaranty, which did not give a legal right of action against the defendant, and the lower court sustained a demurrer to the statement of claim on account of the misjoinder of an action in contract with one in tort. The Supreme Court reversed this and held that where one of the causes of action is legally invalid there can be no misjoinder and that the plaintiff should have been given an opportunity to amend. Justice Maxey there said: "However, it is a rule of law that 'if the pleader attempts to state a second cause of action and fails to do so, there is no misjoinder, as but one good cause of action is stated': 14 Standard Enc. of Proc. 648; Sullivan v. N. Y., N. H. & H. R. R. Co., 11 Fed. 848. . . .

"In Rhodes v. Terheyden, 272 Pa. 397, 401, 116 A. 364, this court said: 'The question to be decided under section 20 of the [Practice] act, which provides only "a substitute . . . for the common law demurrer" (Hutchinson Baking Co. v. Marvel, 270 Pa. 378, 381 [113 A. 433]), is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows, as a "question of law," that plaintiff is not entitled to recover.' In the same case the court also said: 'The doubt should be resolved against entering summary judgment, the power so to do being intended only for clear cases. . . . Any other conclusion would be a reversion to the practice,—common in ancient days, but happily not now,—of making the rights of litigants depend on the skill of the pleader, rather then on the justice of their claims.' "

In the case of Greene County v. Center Township, 305 Pa. 79, the Supreme Court said: "If for no other reason, the cause must be reversed on the authority of Rhodes v. Terheyden, 272 Pa. 397, and Winters v. P. R. R. Co., 304 Pa. 243. No opportunity was given plaintiff to file an amended statement of claim wherein a better statement of facts would set forth a cause of action. The law requires this in all cases where such statement can be furnished."

In the case of Gardener et al. v. Yackanicz, 15 D. & C. 139, there was a joinder of two actions in trespass, one good and the other unenforceable, and plaintiff was given an opportunity to amend. Similar conclusions have been reached in the case of Lewis v. Beatty, 23 Del. Co. 241, Specht v. P. R. R. Co., 7 Pa. C. C. 54, Seaman v. Tamaqua National Bank, 280 Pa. 124, Yocum, Guardian, v. Zahner, 162 Pa. 468, Miles v. Oldfield, 4 Yeates 423, Stoker et al. v. P. & R. Ry Co., 254 Pa. 494, and McIntire et al. v. Westmoreland Coal Co., 118 Pa. 108.

Most of the other objections raised in the affidavit of defense concern the suit for inducing a breach of marriage contract, and as that has been held invalid they do not need to be discussed. There is undoubtedly merit to some of the other contentions made on behalf of the defendants, but the errors are amendable and undoubtedly will not appear in the amended statement of claim. The measure of damages set forth, which is objected to, is based on the claim for maliciously inducing the breach of the marriage agreement and, since this claim has been eliminated, it will undoubtedly be changed and whether it is sufficient or not therefore becomes immaterial.

Moreover, plaintiff's right of action should not be finally concluded by a judgment in favor of the defendants because of faulty averment of damages: Leon Gabai, Inc., v. Krakovitz, 98 Pa. Superior Ct. 150; Long v. McAllister, 275 Pa. 34; Rhodes v. Terheyden et al., 272 Pa. 397.

The affidavit of defense raising questions of law is sustained, with leave to the plaintiff to file an amended statement of claim within 15 days.